## COPELAND v. COPELAND

PLEADINGS—SUPPLEMENTAL ANSWER—CIRCUIT JUDGE—DISCRETION.— Whether a supplemental pleading should be allowed, is within the discretion of the Circuit Judge, and this Court will only look into the evidence to see if his acts are based upon his conclusions from the evidence, or if they are capricious, or if they are supported by evidence, and here his refusal of motion to set up in supplemental answer a deed, and his conclusions that the deed is a forgery and never delivered, not disturbed. MR. CHIEF JUSTICE MCIVER *dissents.*

Before GAGE, J., Bamberg, April, 1900.   Affirmed.

Action for partition by John S. Copeland, Christian Copeland, William J. Copeland, Frances Gibson, Mary Ann Carter and George Copeland against Jacob C. Copeland.   From order refusing permission to file supplemental answer, defendant appeals.

*Messrs. Inglis & Miley,* for appellant, cite: *Limits of discretion of Circuit Judge in cases like this:* Code, 198, 193, 194, 195; 17 Ency. P. & P., 267; 18 S. C., 314; 7 Rich. L., 432; 54 S. C., 490; 47 S. C., 498.   *Legal requirements as to*

*delivery of deed in order to its validity to pass title:* 10 Rich. Eq., 219; 2 Strob. Eq., 370 N.; 6 S. C., 124.

*Messrs. Davis & Best* and *Jno. R. Bellinger,* contra, cite: *Right to file supplemental answer is controlled by the judicial discretion of the Court:* 14 S. C., 434; 16 Abb., 269. *Master's report is equivalent to verdict, and such plea is never allowed thereafter:* 18 Ency., 518. *Under facts there was no legal delivery:* Dud. Eq., 20.

April 1, 1901. The opinion of the Court was delivered by

Mr. Justice Jones. This is an appeal from an order refusing defendant's motion for leave to file a supplemental answer. The action was for partition of land. The defendant resisted, setting up, among other matters, title in himself, exclusively, by adverse possession for the statutory period. The issues had been referred to the master, and the master had reported adversely to the defendant, filing his report in July, 1899. For two terms of the Court thereafter the cause was continued, because the defendant's attorney, G. W. M. Williams, Esq., had been disbarred for misconduct and defendant had not secured other counsel. The defendant, represented by Messrs. Inglis & Miley, at the April term, 1900, on due notice, moved "to set aside the report of the master herein, filed July 19, 1899, to recommit the issues herein to the master, and for leave to the defendant to make and file the proposed supplemental answer," which alleged (1) that on the 10th day of March, 1900, after the filing of the original answer and the report of the master, the defendant received from the clerk of the court of Bamberg County a deed purporting to have been made and executed by Eva F. Copeland, his mother, to the defendant, and dated June 19, 1873, conveying the land in question, recorded March 7, 1900; (2) that he was ignorant of the existence of said deed until the receipt by him of same from the clerk of the court on March 10, 1900, although aware

that his mother had in her lifetime expressed her purpose of securing said land to him in some way; (3) that under said deed he was sole and exclusive owner of said land. The defendant's affidavit was to the effect of the foregoing answer. In addition, he submitted the affidavit of Mary A. Copeland, to the effect that "on or about the 5th day of March, 1900, she was taking some old clothing of J. G. Copeland, her husband's father, out of a chest in which they had lain since the death of said J. G. Copeland, to whom in his lifetime said chest belonged, and which had not been removed since his death, when she found under the clothing in said chest, some papers, one of which attracted her attention as looking like a land paper; that thinking it might be of some value to her husband, J. F. Copeland, she called him into the house and showing him said paper, which upon examination turned out to be a deed from Mrs. Eva F. Copeland to Jacob C. Copeland, having folded up in it two dollars in money and a slip of paper, &c." The slip of paper was as follows: "State of south carolina, Barnwell District, June 19th, 1873 Inclose Two Dollars After my death have recorded and returned to my son J. C. Copeland or his Ears." Both appellant's and respondent's counsel in their argument state that this slip was not signed by any one, and was not in the handwriting of the said grantor. The affiant, Mrs. Mary A. Copeland, further stated that she gave said papers to her husband, J. F. Copeland. J. F. Copeland made affidavit to the effect that on or about the 5th March, 1900, his wife showed the papers to him, and that he, in pursuance of the instructions on said slip, which he supposed was intended for his father, J. G. Copeland, mailed the deed and money to the clerk of the court for Bamberg County, with instructions to record the same and return to J. C. Copeland. This affiant further stated that the old chest wherein the papers were said to have been found, "belonged to his father, J. G. Copeland, then deceased, who had lived the latter part of his life and died in the same house with deponent and his family." The relation between the alleged grantor, Eva F.

Copeland, and the owner of the chest, J. G. Copeland, does not appear in the Brief, although it may have appeared in the report of the master and the evidence before him, all of which were before the Circuit Judge on the motion; nor does it appear when the grantor died or how long the alleged depository of the deed survived her, nor whether the alleged grantor lived in the house where the old chest was kept, nor whether she had any control or access to said chest. It appeared, however, that Mrs. Eva Copeland died before the said J. G. Copeland; but there was nothing to explain why J. G. Copeland did not have the deed recorded and delivered to defendant, if he was its custodian, under the instructions contained on said slip. No evidence was offered to show the signing of the deed by the alleged grantor, nor by the witnesses, both of whom were dead. There was submitted an affidavit by a brother of the notary public, whose name appears on the deed in connection with the affidavit of one of the witnesses as to the execution of the deed, that the notary's signature is genuine. The alleged deed was also produced before the Circuit Judge. In refusing the motion, the following reasons were assigned, and were taken down by the stenographer:

"A deed must be executed in due form and delivered in due form, to pass title. If the delivery is postponed until after death, there is no delivery to the person and no title passes. I am of the opinion that the intention of the maker was to postpone the delivery till after her death; therefore, there was no delivery.

"Now, the second question, as to whether this paper is a *bona fide* paper. If I thought there was a reasonable doubt about the matter, I shouldn't hesitate to refer it to a jury; but upon inspection of the paper, and from the argument of counsel, I am satisfied, after two whole days consideration, I am satisfied, from a bare inspection, that this paper is a manufactured paper from the beginning. For the reason that the maker is dead, both witnesses are dead, and there is no testimony offered to prove that the names of the wit-

nesses purporting to be here, are their genuine signatures, and the fact that the paper, and especially the ink, shows this thing was done within twelve months. If I didn't have a settled conviction that to allow a party to set up such relief would be to practice fraud—I have such a high regard for counsel, and for what they say, that I accept what they say in Court as true, that they would not set up a paper in defense without believing it was a *bona fide* paper—I accept it; still I must have my own belief, and my belief is, that if I grant the motion, to file the supplemental answer and refer it to a jury, would be doing what, in my heart of hearts I know, would be lending a helping hand of the Court to carry out what would be a fraud upon the law. And for that reason I must decline the motion to file a supplemental answer."

The six exceptions taken to the order of the Court are reduced by the appellant's counsel to two propositions, as follows: "First, That the Circuit Judge has exceeded the limits intended and allowed by law, upon the hearing of a motion of this kind; in the extent of his examination into and decision upon the facts and merits of the defense set up in the proposed supplemental answer; and, second, that, even if the question of delivery was such as could be properly decided by the Judge on the hearing of this motion, his Honor erred, as matter of law, in deciding that, under the facts presented before him in this matter, there was not, and could not, have been any legal delivery of this deed to the appellant, Jacob C. Copeland." The matter of supplemental pleading is regulated by sec. 198 of the Code, which provides: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint, answer or reply, alleging facts material to the case occurring after the former complaint, answer or reply, or of which the party was ignorant when his former pleading was made, &c." In the case of *Moon* v. *Johnson*, 14 S. C., 435, this Court, in reference to this section, said: "The leave of Court is necessary in all cases to file a supplemental complaint, and

although this leave will be generally granted, yet it is by no means a matter of course order, to which a party is entitled whenever he may choose to apply for it. On the contrary, the motion must be made in due time, in good faith, and upon facts warranting the favorable action of the Court, and when thus made, it rests in the discretion of the Court whether it shall be refused or granted * * *" This quotation is not a mere *obiter dictum,* for it was in direct response to the first exception, which raised the question whether the plaintiff was entitled to a supplemental complaint, as matter of course. Thus we see that the refusal of a motion to file a supplemental answer, like the matter of refusing amendments under Code, 194, rests in the discretion of the Circuit Court. It is well settled in reference to the matter of amendments, under sec. 194, that this Court will not set aside an order granting or refusing an amendment, except for abuse of discretion, or when the exercise of the discretion was controlled by error of law. Since a supplemental pleading is in the nature of an amendment to the pleading sought to be supplemented, the same rule should in reason apply, and must apply, if, as stated in *Moon* v. *Johnson, supra,* the matter rests in the discretion of the Court. As stated by acting Associate Justice Benet, in *Norris* v. *Clinkscales,* 47 S. C., 498, "The Courts and text writers all concur that by judicial discretion is meant sound discretion, guided by fixed legal principles. It must not be arbitrary nor capricious, but must be regulated upon legal grounds— ground that will make it judicial. It must be controlled by conscience and not by humor." In an appeal from the exercise of this discretion, this Court will not examine the evidence with a view to substitute its judgment as to its weight and sufficiency for that of the Judge to whose discretion the matter is submitted. We merely examine the evidence, with a view to ascertain whether there was abuse of discretion—that is, whether the Court's action was based upon his view of the evidence, or absence of evidence, or was but an arbitrary or capricious exercise of will, and without regard

to the evidence.   We see nothing in the case which in the slightest degree tends to show an abuse of discretion; on the contrary, there is much to show that the Court's action was the result of its view of the evidence, and a conscientious effort to act so as to further justice.   When a Judge is called upon to exercise his discretion, under sec. 198, *supra,* it is the duty of the moving party to present such evidence as will satisfy the Judge (1) of the existence of facts material to the case occurring after the former pleading, or (2) of the existence of facts material to the case, of which the party was ignorant when the former pleading was made.   This application being under the second branch, it was incumbent on the moving party to at least show *prima facie* that the deed which he sought to set up had been duly executed and delivered in the lifetime of the grantor, and that the moving grantee was ignorant of it at the time of the former pleading.   The very nature of the motion shows that there was no actual delivery to the grantee, or to any one for him with his knowledge, in the lifetime of the grantor.   It was, then, incumbent on the appellant to show that, without his knowledge, the grantor executed the deed and delivered it to a third party for him, in such manner as to show that the grantor parted with the control of the deed in her lifetime. In the case of *Gilmore* v. *Whitesides,* Dudley's Eq., 14, the Court held, as stated in the syllabus: "To constitute a delivery, the owner must part not only with the possession, but with the dominion of the thing.   A man cannot grant any authority to be executed after his death.   The delivery of an instrument to the agent of the donor, with instructions to keep it until after the donor's death, and then deliver it to a third person for the donee, the donor retaining the dominion over it during his life, is not such a delivery as will make the instrument valid as a deed, and a delivery by the agent after the death of the donor would be void."   If, therefore, J. G. Copeland was merely the agent of the grantor, Eva F. Copeland, to deliver to the grantee after her death, he could not execute the power after her death, much less some other

person after *his* death.    But where is the evidence that the
grantor delivered the deed to J. G. Copeland for delivery to
the grantee after her death, whether as her agent, or as a
trustee for the grantee.    There is much authority for the
view that "a grantor may deliver a deed to a third person to
hold until the grantor's death and then to deliver to the
grantee," and that such a delivery would be valid, provided
the grantor had no power to recall or control the deed.    9
Ency. Law, 2 ed., 156, 157—citing many cases, of which we
have examined a few, as *Porter* v. *Woodhouse,* 59 Conn.,
568; 21 Am. St. Rep., 131; *Sneathern* v. *Sneathern,* 104 Mo.,
201, 24 Am. St. Rep., 326; *Bury* v. *Young,* 98 Cal., 446,
35 Am. St. Rep., 186; *Trask* v. *Trask,* 90 Iowa, 318, 48 Am.
St. Rep., 446.    But there was no evidence of such a deliv-
ery to any one for the grantee in the lifetime of the grantor.
The Circuit Judge in this matter concluded that there was
no delivery, as the intention of the maker (assuming the
making of the deed) was to postpone the delivery until after
her death, evidently basing his view of the law upon his
view of the evidence that there was no delivery in the life-
time of the grantor, either to the grantee or to a third person
for him, beyond the control of the grantor.    It is argued
that the possession of the deed by the grantee and its record
affords a presumption of due execution.    This is true, when
the record and possession is not explained otherwise.    But
in this case, appellant's own showing explained how the deed
was recorded and came into his possession, he having only
received it from the recording officer, who had received
from another, in no wise connected with the deed or its pro-
per custody, long after the death of the grantor.    In view
of the foregoing, we see no error of law which has con-
trolled the exercise of the Court's discretion.

We do not deem it necessary to consider, except very
briefly, whether "there was abuse of discretion in the Court's
conclusion that the deed was not *bona fide,* but a forgery."
The Court very properly exonerated the counsel conducting
the motion from any conscious attempt to make use of a

manufactured paper—indeed, the lofty character of the learned counsel would forbid any such thought. But if that was the Court's view of the evidence and the absence of evidence, we do not see how in furtherance of justice he could have acted otherwise. At any rate, we cannot say he abused his discretion in so viewing the evidence. It was incumbent on the moving party to satisfy the conscience of the Court that it would further justice to grant the motion.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice McIver *dissenting.* As I cannot concur in the conclusion reached by Mr. Justice Jones in this case, I propose to state as briefly as practicable the grounds of my dissent. The questions presented by this appeal arise out of the refusal of a motion submitted by the defendant for leave to file a supplemental answer, alleging facts material to the case, of which the defendant was ignorant when his original answer was filed, as provided for by sec. 198 of the Code. So much of that section as applies to this case reads as follows: "The defendant * * * may be allowed, on motion, to make a supplemental * * * answer * * * alleging facts material to the case * * * of which the party (the defendant) was ignorant when his former pleading was made." In pursuance of this provision, the appellant gave due notice, based upon accompanying affidavits and a copy of the proposed supplemental answer, for leave to file such answer. It appears from the statement of facts found in the argument of counsel for respondents that this action was brought for partition of the lands described in the complaint amongst the plaintiffs and the defendant, as heirs-at-law of Eva F. Copeland, and that defendant, in his original answer, set up exclusive title in himself, acquired by an arbitration and award, by a family arrangement and by adverse possession; and that the issues thus raised were referred to the master to hear and determine the same, who filed his report on the 19th of July, 1899, deciding all these issues against the defendant, to which report the defendant duly excepted.

Owing to the disbarment of the attorney who originally rep-
resented the defendant, no further steps were taken in the
cause until the 6th December, 1899, when the attorneys who
now represent the defendant were, by order of the Court,
substituted in the place of the original attorney for defend-
ant.  On the 28th March, 1900, notice of this motion was
given—that they would at the next ensuing term of the
Court apply for an order "to set aside the report of master
herein, filed July 19, 1899, to recommit the issues herein to
the master, and for leave to the defendant to make and file
such proposed supplemental answer in this action, and for
such other or further relief as may be just," basing their
application upon the affidavits and proposed supplemental
answer, copies of which were served with the notice of the
motion.  The facts stated in the proposed supplemental an-
swer, and substantiated by the accompanying affidavits, may
be briefly stated thus : that the defendant had received from
the clerk of the court for Bamberg County a deed purport-
ing to have been executed by the said Eva F. Copeland, his
mother, to him, the defendant, on the 19th of June, 1873,
and to have been recorded in the proper office on the 7th of
March, 1900, conveying to the defendant the land of which
partition is sought by this action; and that the defendant was
ignorant of the existence of such deed until the 10th of
March, 1900.  The accompanying affidavits show that
this deed was found by Mary A. Copeland, on or about the
5th of March, 1900, in a chest of old clothing belonging to
her husband's father, J. G. Copeland, under the clothing, and
that in said deed two dollars in money and a slip of paper
containing certain words, a copy of which will presently be
given ; and that said deed, with the money enclosed, was sent
to the clerk to be recorded and returned to the defendant.
The words written on the slip of paper, as appears from the
original exhibited to the Court at the hearing, are as follows :
"State of south.carolina, Barnwell District June 19th, 1873
Inclose Two dollars after my death have recorde and return
to my son J. C. Copeland or his Ears."  The words, while

correctly copied, in the opinion of Mr. Justice Jones, are incorrectly copied in the decree of the Circuit Judge, for he substitutes the word "deliver" for the word "returned," and he omits the last three words, "or his ears," no doubt meaning "heirs." Of course, these errors were inadvertent—such are very apt to occur in the hurry of the Circuit. The first error may be material, for it might be argued, with some force, that the word *"returned"* implied that the deed had already been delivered to the grantee, the defendant—not in person, but to some one for him—and hence, after the death of the grantor, it was to be recorded and *"returned"*—not delivered—to him. I have thus far presented the facts, as they appear in the "Case," more fully, perhaps, than was necessary, because I regard the main question presented by this appeal as very important—indeed, vital to the preservation of the right of trial by jury in a case involving the question of title to real estate.

It seems to me that two questions are presented by the exceptions. 1st. Whether the Circuit Judge erred in undertaking to decide as to the truth of the facts which the defendant desired to allege in his supplemental answer to support the defense set up in his original answer—that he had exclusive title to the land sought to be partitioned, of which facts he was ignorant when he filed his original answer. 2d. Whether, conceding that the Circuit Judge had authority to decide upon the truth of said facts, he erred as matter of law, in deciding that, upon the facts presented before him, there was not, and could not, have been any legal delivery of the deed from Eva L. Copeland to the defendant.

As to the first of these questions, it seems to me clear that the Circuit Judge was in error. The Code, in sec. 198, provides that a party may be allowed to make a supplemental pleading, alleging facts material to the case * * * of which the party was ignorant when his former pleading was made, and when a motion for leave to file a supplemental pleading is made, all that the Circuit Judge has to do is to determine

10—60

whether the facts *alleged* are material to the case, and whether the party moving for such leave was ignorant of such facts when his former pleading was made; for that is all that the statute requires.   But to say that the Circuit Judge has authority to determine the truth of the facts alleged, and that, too, upon affidavits which, as is said in *Cudd* v. *Calvert,* 54 S. C., at page 473, is "a most unsatisfactory mode of eliciting truth," would be, practically, nothing more than saying that a Circuit Judge has a right to usurp the province of the jury and decide a question of fact, in an issue involving the title to real estate.   The fact that in this particular case, it seems that the parties had waived their right to a trial by jury, and had agreed to refer all the issues, both of law and fact, to the master, cannot affect this question; for by so doing, the parties merely substituted the master for the jury, and certainly it cannot be said, with any propriety, that the parties had agreed that the Circuit Judge should in the first instance determine questions of fact; and, most assuredly, they cannot be said to have agreed that the Circuit Judge should try the issues of fact *upon affidavits*. On the contrary, the parties still retained their right to have their witnesses presented before the master, and examined and cross-examined in open Court, just the same as if the right to a jury had not been waived; and to deprive them of this valuable legal right by allowing the Circuit Judge to determine the truth of the facts which the defendant desired to allege in a supplemental answer, was an error of law.

It is contended, however, that a motion for leave to file a supplemental pleading is addressed to the discretion of the Circuit Judge, and hence the exercise of such discretion cannot be reviewed by this Court unless such discretion has been abused; and the case of *Moon* v. *Johnson*, 14 S. C., 434, is cited to sustain such position.   While it is true that, in the passage quoted by Mr. Justice Jones, the late Chief Justice Simpson does say that the granting or refusing a motion like this rests in the discretion of the Court, yet that is not only a mere *obiter dictum,* inasmuch as no such question was

raised in that case; but that remark seems to be somewhat inconsistent with what is said in the same opinion when considering a question which *was* raised in that case.    There were but two points decided in that case.    1st. That an order refusing a motion for leave to file a supplemental complaint was appealable.    2d. That there was no error in refusing the motion in that case.    In considering the first point, the Court uses this language: "The respondent makes the point that an order granting or denying a supplemental complaint is within the discretion of the Court," and, therefore, not appealable.    This is the first question involved, and we find it at the threshold of the case.    Under the Code, sec. 11, any intermediate judgment, order or decree, involving the merits of the action, is the subject of appeal.    Does this order involve the merits of the action?    The action is one to recover the possession of real estate.    In the judgment of the appellant, his recovery depends upon setting up the deed, which he desires to bring before the Court by means of the supplemental complaint. The order of the Judge has denied him this privilege.    This order, then, strikes at the very foundation of the appellant's action, and clearly involves its merits."    This language used by the Court in determining one of the questions raised in the case, negatives the idea that the motion was addressed to the discretion of the Court, and on the contrary, implies that the appellant was demanding a legal right which was denied him by the order of the Circuit Judge.    So in this case, the appellant, after showing by affidavit that there are certain facts materal to his case of which he was ignorant when he filed original answer, is simply asking the legal right allowed him by sec. 198 of the Code, to bring such facts before the Court by way of supplemental answer, so that he may have the opportunity of proving such facts in the usual mode and before the appropriate tribunal; and this legal right has been denied him—*not* because the facts alleged are not material to his case, nor because he either knew them, or ought to have known them, before he filed his original answer, but

solely because the Circuit Judge has assumed the functions of the jury or of the master, and has reached the conclusion that the facts alleged are not true.

The second point decided in *Moon* v. *Johnson, supra,* was that the motion was properly refused—*not* because the deed which the appellant there desired to set up was a forgery or was otherwise invalid, but solely because the deed showed on its face, and indeed the fact was conceded, that it was executed after the commencement of the action, and as it had been decided in *Bank* v. *Manufacturing Co.*, 3 Strob., 190 (recognized and followed in *Garlington* v. *Copeland,* 32 S. C., at page 66, and *Bank* v. *Dowling,* 45 S. C., at page 682), that a title acquired after the commencement of the action could not avail the plaintiff in such action, and, therefore, the fact, which the plaintiff desired to set up by his proposed supplemental complaint, was not material to the case. Much might be said as to the insufficiency of the reasons assigned by the Circuit Judge for his conclusions that the paper—the deed—which appellant desired to set up by his proposed supplemental answer, was not a *bona fide* paper; but I do not propose to say anything upon that question, as I do not consider that such question was one to be decided, either by the Circuit Judge or by his Court. For a like reason I do not propose to say anything as to the second question presented by this appeal, except to say that even if it be conceded that the motion in this case was addressed to the discretion of the Circuit Judge, his discretion as to one point, and that a very important point—the delivery of the deed—was controlled by an error of law. The only reason given by the Circuit Judge for holding that there was not, and could not, have been any valid delivery of the deed, is, that where a grantor makes a deed and postpones the delivery thereof until after his death, there can be no valid delivery. But in 9 Ency. of Law, at pp. 156 and 158 (2 ed.), cited by Mr. Justice Jones in his opinion, it is said: "A grantor may deliver a deed to a third person to hold until the grantor's death, and then to deliver it to the grantee. Such a delivery is perfectly valid,

but the deed must be left with the depository without a reservation by the grantor, express or implied, of the right to retake it or otherwise control its use." And quite a number of cases are cited to sustain that proposition. The questions as to whether any such delivery was made, and what were the facts in regard to such delivery, are questions of fact, which, according to my view, neither the Circuit Judge nor this Court has any authority to pass upon under the motion for leave to file the supplemental answer, and for that reason will not be considered.

For the reasons above indicated, I am of opinion that the order appealed from should be reversed and that the case be remanded to the Circuit Court, with instructions to grant appellant's motion for leave to file his supplemental answer; and that thereupon the master's report be recommitted to that officer, with instructions to pass upon the issues presented by such supplemental answer, and report his conclusions thereon to the Circuit Court.