6637

### FREE v. SOUTHERN RY.

1. EVIDENCE.—THE STATUTE LAW OF ANOTHER STATE can *only* be proved in this State by printed volumes, containing the statute, purported to have been published by State authority.

2. FOREIGN LAWS—NEGLIGENCE—LORD CAMPBELL'S ACT—PLEADINGS.—A CAUSE OF ACTION given by the statute law of a sister State may be enforced in the Courts of this State although the statute of that State and of this differ in minor particulars. Under the Lord Campbell's act of North Carolina, granting recovery by personal representative of one killed by wrongful act of another, nonsuit should not be granted, because the North Carolina statute in evidence gave the personal representative the right to sue, without naming the beneficiaries, and the complaint alleged the action was for benefit of the parents of deceased.
   *Lilly* v. *R. R.,* 32 S. C., 142, *distinguished from this case.*
   MR. JUSTICE GARY *dissents.*

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—From evidence tending to show a servant employed in the yards of a railroad company while in the discharge of his duties and watching another train, was run over by a switch engine, running at a rapid rate of speed, without a watchman and without warning, jury may infer negligence in the company and that servant was not guilty of contributory negligence.

Before PRINCE, J., spartanburg, July, 1906. Reversed.

Action by John Free, administrator of Jules Free, against Southern Ry. From order of nonsuit, plaintiff appeals.

*Mr. Stanyarne Wilson,* for appellant, cites: *As to construction of N. C. Statutes:* 70 S. C., 256. *Issue of contributory negligence is for jury:* 75 S. C., 73; 60 S. C., 9. *Motion for nonsuit should not be reinforced by additional ground after trial:* 54 S. C., 226; 22 S. C., 560; 35 S. C., 609; Voorhees' Code, 380(g).

*Messrs. Sanders* and *DePass,* contra, cite: *N. C. Statute should not have been set up by reply:* Code of Proc., 163, 174; 66 S. C., 91. *Statute of another State can only be proved by printed volume:* 70 S. C., 254. *Courts of one State will not enforce a statute of another State dissimilar to that of its own:* 20 Am. St. R., 461; 22 Am. St. R., 803; 73 S. C., 215; 4 L. R. A., 814; 26 Am. R., 742; 39 Am. R., 244; 10 Ohio St., 121; 18 L. R. A., 804; 98 Mass., 85. *Rapid rate of speed is not evidence of negligence:* 4 Thomp. on Neg., sec. 4508; 55 S. W. R., 744; 25 S. W. R., 943; 5 S. C., 221; 7 S. C., 402. *Motion to be permitted to add additional ground of nonsuit after trial should have been granted:* 51 S. C., 419; 9 S. C., 330. *Plaintiff was guilty of contributory negligence:* 145 U. S., 418; 36 S. E., 118; 48 S. E., 212; 133 N. C., 610; 113 N. C., 558; 72 S. C., 392; 74 S. C., 419; 75 S. C., 487.

September 3, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Jules Free, an employee of the Southern Railway Company, was killed by one of its engines in September, 1904, at Charlotte, N. C.

His father, John Free, qualified as administrator in this State and brought this action to recover damages. The complaint contains this allegation: "That under the law of the State of North Carolina, known as the Lord Campbell

Act, the defendant, by the said wrongful killing of Jules Free, became liable to this plaintiff as administrator, for. the benefit of his parents, for the damages caused by the said wrongful conduct, and that said plaintiff, as such administrator, was thereby damaged in the sum of two thousand dollars, for which he asks judgment."

A nonsuit was granted on the grounds that there was no proof of a statute in North Carolina allowing such a suit for the *benefit of parents* of the person killed.

The following statute of North Carolina was admitted: "That any servant or employee of any railroad company operating in this State, who shall suffer injury to his person, or the personal representative of any servant or employee who shall have suffered death, in the course of his service or employment with said company, by the negligence, carelessness, or incapacity of any servant, employee, or agent of the, company, or by any defect in the machinery, ways, or appliances of the company, shall be entitled to maintain an action against such company."

The plaintiff attempted to prove the statute law of North Carolina provided that such an action as this should be brought for the benefit of parents, by introducing the reports of the Supreme Court of North Carolina. A statute of a sister State cannot be so proved in the Courts of this State. Nothing less than printed copies of the volume containing the statute, purporting to have been published by the State authority will be taken as evidence. Civil Code, sec. 2890.

The Circuit Judge was, therefore, right in holding that the only statute law of North Carolina before the Court was the statute above quoted. An examination of the case of *Killian* v. *Ry. Co.*, 38 S. E., 873, on which the plaintiff relied, shows that he was also right in holding that that case does not state the law of North Carolina to be that an action like this is to be brought for the benefit of the parents.

For the purposes of this case, therefore, the statute law of North Carolina must be taken as giving a right of action to

the personal representative of the person who shall have suffered death in the manner laid down in the statute above quoted, without providing for any special beneficiary.

The case, then, is this: The plaintiff in bringing this action as the administrator of Jules Free, made allegations complete and sufficient in all respects under the statute, except he erroneously alleged the defendant became liable to him as administrator of Jules Free, *for the benefit of his parents.* The Circuit Judge granted the nonsuit on the ground that the use in the complaint of the words "for the benefit of his parents," was a fatal departure from the statute. We are unable to assent to this view. If the plaintiff, as administrator, was entitled to recover, his recovery should not be defeated because he has erroneously alleged, he must hold his recovery for the benefit of certain persons. Under the statute of North Carolina, as proved, a complete cause of action was stated in the complaint, without the reference to the supposed beneficiary, and that should have been regarded as mere surplusage. This conclusion rests well on the reasoning of Mr. Justice Jones in *Morris* v. *Gas. & Elec. Co.,* 70 S. C., 281, 49 S. E., 854: "The statute is remedial and should be liberally construed so as to accomplish its object. It was designed to remove the common law rule, founded on the maxim, *actio personalis moritur cum persona,* as an obstacle to the recovery of damages for the death of a party by a wrongful act, neglect, or default of another, and to create a right of action in the administrator of the deceased for the benefit of the person named in the statute. *In re Estate Mayo,* 60 S. C., 401, 38 S. E., 634; 54 L. R. A., 660. The award of damages for the wrongful death is the important matter, the manner of distribution is of secondary consideration." The case of *Lilly* v. *Ry. Co.,* 32 S. C., 142, was obviously different, and we think the doctrine of that case should not be extended.

The defendant contends, however, that the law of North Carolina, as proved in this case, is essentially different from the law of this State, in that it does not designate the per-

sons for whose benefit the administrator is allowed to recover, while the corresponding statute of this State provided for distribution among certain kindred of the deceased.

As indicated in *Morris* v. *Gas & Elec. Co., supra,* the essential thing in the varying statutes of the several States is the same, namely, the giving of a right of action to the administrator or some other person interested in the life of the deceased in his own behalf or as trustee for others. Any variance as to the beneficiaries and the method of distribution ought to be regarded as a minor difference.

It was held in *Dennick* v. *Central R. R. Co.,* 103 U. S., 11, 18, 26 L. Ed., 439: "Wherever, either by the common law or the statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any Court which has jurisdiction of such matters and can obtain jurisdiction of the parties. * * * If the liability to pay money was fixed by the law of the State where the transaction occurred, is it to be said it can be enforced nowhere else, because it depended upon statute law and not upon common law? It would be a very dangerous doctrine to establish, that in all cases where the several States have established the statute for the common law, the liability can be enforced in no other State but that where the statute was enacted and the transaction occurred." After much judicial discussion, the authority and reasoning of this case is now generally recognized with this qualification, that the Courts of one State will not recognize a cause of action arising in another State, when the statute of such other State giving the right of action is contrary to the public policy of the State where the action is brought. *Dennis* v. *R. R. Co.,* 70 S. C., 257, 49 S. E., 869; *Huntington* v. *Attrill;* 146 U. S., 657; *Stewart* v. *R. R. Co.,* 168 U. S., 445; *Texas &c. R. R. Co.* v. *Cox,* 145 U. S., 593; *Leonard* v. *Columbia S. E. Co.,* 84 N. Y., 48, 38 Am. Rep., 491; *Higgins* v. *Central N. E. & W. R. R. Co.* (Mass.), 29 N. E., 534. The numerous other Federal and State cases to the same effect will be found collated in 14

Am. State Rep., 354; 10 Roses Notes on U. S. Reports 3, 3rd Sup., Ib., 856.

The North Carolina statute on which this action rests is entirely consistent with the public policy of this State as expressed in its statute giving a right of action in such case to the personal representative of the deceased; and it is not opposed to the public policy of this State because in the subordinate matter of distribution the South· Carolina statute names the beneficiaries, and the North Carolina statute, as proved, leaves the recovery in the hands of the administrator for general distribution.

It is true the plaintiff's exception does not set out as clearly as is desired the error which we think was committed in granting the nonsuit.   But exceptions should be liberally construed where they do not mislead or surprise opposing counsel.   Looking at the exception in that light, it does raise the question that a nonsuit should not have been granted for failure to prove, by the printed volume of the statute of North Carolina, that any recovery by the administrator would be for the benefit of the parents.   Respondent's counsel was not surprised nor misled, for the point on which we think the judgment should be reversed was fully and ably argued by him.

The defendant has given due notice that he would ask to have the nonsuit sustained on the additional grounds (1) that there was no proof of negligence by the defendant; and, (2) that no other inference could be drawn from the evidence than that he plaintiff was guilty of contributory negligence.

Defendant offered no evidence, and plaintiff's witnesses were in substantial agreement as to the circumstances of the killing.   Jules Free was a boy employed to carry water to a gang of hands working near the station at Charlotte, N. C.   As Free was returning across the tracks with water, his attention, attracted by an approaching freight train, he was struck and killed by a switch engine coming from the opposite direction on another track.   Witnesses variously esti-

mated the speed of the switch engine at from twenty to thirty-five miles an hour, and they all testified there was no watchman on its pilot and no warning of its approach by bell or whistle. From this evidence the jury might well infer the defendant was negligent in running its switch engine at such a rate of speed in a yard where there were several tracks and the confusion of other moving trains, without a guard on the pilot and without signals; and that in these circumstances, the unfortunate boy in crossing the track in the discharge of the duty assigned to him was not guilty of contributory negligence in not seeing the engine and getting out of its way.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.

MR. JUSTICE GARY, *dissenting.* This is an action under the statute of North Carolina (commonly known as Lord Campbell's Act), on account of the death of plaintiff's intestate, who was in the employment of the defendant and was killed, by one of its switch engines in the yards at Charlotte, N. C., while crossing one of its tracks.

The sixth paragraph of the complaint is as follows: "That under the law of the State of North Carolina, known as the Lord Campbell Act, the defendant, by said wrongful killing of said Jules Free, became liable to this plaintiff as his administrator for the benefit of his parents, for the damages caused by said wrongful conduct, and that said plaintiff, as such administrator, was thereby damaged in the sum of $2,000.00, for which he asks judgment."

The defendant answered the complaint, denying all except the formal allegations thereof, and setting up the defenses of contributory negligence and assumption of risk.

The plaintiff filed a reply alleging the statute of North Carolina as follows: "That any servant or employee of any railorad company operating in this State, who shall suffer injury to his person, or the personal representative of any

servant or employee who shall have suffered death in the course of his service or employment with said company, by the negligence, carelessness or incapacity of any servant, employee or agent of the company, or by any defect in the machinery, ways or appliances of the company, shall be entitled to maintain an action against such company."

The defendant made a motion to strike out these allegations in the reply, but it was refused.

At the close of the plaintiff's testimony the defendant made a motion for a nonsuit on the following grounds:

(1) "That there is no proof here, that under the law of North Carolina, where this accident happened, the plaintiff can recover. This act does not set out for whose benefit the action shall be brought.

(2) "That if the suit is brought here in the name of the personal representative, that personal representative must be a personal representative of North Carolina, and not a man in this State.

(3) "That as an additional ground all the evidence shows the deceased was guilty of contributory negligence."

The plaintiff then requested permission to amend paragraph 6 of the complaint, so as to conform the pleadings to the facts proved, but the request was refused.

The nonsuit was granted on the first of said grounds, and the plaintiff appealed upon a single exception, which is as follows: "That his Honor erred in holding that the only way in which the Lord Campbell Act of North Carolina, referred to in the complaint, could be proven was by a volume of the statutes of North Carolina, and in granting nonsuit because such statute was not produced: it being respectfully submitted that the proof offered by the plaintiff, to wit, the decision of the Supreme Court of North Carolina, and the decision of the Supreme Court of South Carolina, as to what that statute was, was sufficient proof of such statute to go to the jury."

It seems to us that the exception was taken under a mis-

apprehension of the ruling of his Honor, the presiding Judge.

The decision in the case of *Killian* v. *R. R.*, 38 S. E. R. (N. C.), 873, was introduced in evidence without objection, but when the plaintiff offered to introduce the decision in the case of *Dennis* v. *R. R.,* 70 S. C., 254, 49 S. E., 869, the following took place:

"Mr. Sanders: We do not admit that as evidence. Mr. Wilson: I offer it as evidence. Mr. Sanders: We object to the South Carolina report going in as evidence.

"Court: I hold that the statement found in that decision of the Supreme Court of South Carolina, as to what the Lord Campbell's Act is in North Carolina, is not evidence; is not the best evidence of what that act really is. That is not the way to prove it. That can only be proven by the volume of the statutes of North Carolina. What the act of the North Carolina Legislature is cannot be proven by the decision of the Supreme Court of South Carolina.

"As to the case of *Killian* against *the Railroad Company,* 38 Southeastern Reporter, 873, introduced in behalf of the plaintiff, for the purpose of showing what the Lord Campbell's Act in North Carolina is, is in my judgment insufficient for that purpose, even if I were of the opinion that the decision of the Supreme Court of South Carolina was the proper method of proving a North Carolina act. In that case it was shown that the Lord Campbell's Act, section 1498, provided: Wherever the death of a person is caused by the wrongful act of another, action therefor may be brought. Section 1499 provided: That the plaintiff in such action may recover such damages as are fair and just compensation, resulting from such death. That being the case, and as the Court is now advised that this North Carolina case, even if it is proper evidence as to what provision is made, for whose benefit the suit is to be brought, and as the plaintiff has alleged in his complaint, that the act provides for the bringing of such a suit by the personal representative, in a case like this, where there is the death of his son,

5—78

for the benefit of the parent, and as this suit is brought for the benefit of the parent of the deceased by the personal representative, and that there is no evidence before the Court that under the North Carolina statutes suit can be brought and maintained for the benefit of the parent, the motion for a nonsuit is sustained for want of evidence, showing that an action under the statute of North Carolina, for a wrongful act causing the death of the deceased, is authorized to be brought by the personal representative, for the benefit of the parent of the deceased, when that deceased is a child."

Section 2890 of the Code of Laws, which provides the manner of proving the statutes of other States, is as follows:

"Printed copies in volumes of statutes, Code, or other written law enacted by any other sovereignty, State or Territory, or foreign government, purporting or proved to have been published by the authority thereof, or proved to be commonly admitted as evidence of the existing law in the Courts and judicial tribunals of such sovereignty, State, Territory, or government, shall be admitted by the Courts and officers of this State, on all occasions, as presumptive evidence of such laws. The unwritten or common law of any other sovereignty, State or Territory, or foreign government, may be proved as facts by parol evidence; and the books of reports of cases adjudged in their Courts may also be admitted as presumptive evidence of such law."

This section shows that the ruling of the presiding Judge, when objection was interposed to the introduction in evidence of the South Carolina decision, was free from error.

We do not understand his Honor to have ruled that the decision in the Killian case was not competent evidence of the North Carolina statute, but that it failed to show that the personal representative of the deceased could bring the action for the benefit of the parents, in consequence of which there was no testimony to sustain the allegation of the complaint in this respect.

For these reasons I dissent.