## 9726

### PORTER v. DIXIE FIRE INS. CO.

#### (93 S. E. 141.)

1. PLEADING—SUPPLEMENTAL PLEADING.—Under Code Civ. Proc. 1912, sec. 228, providing that the plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint, answer, or reply, alleging facts material to the case, occurring after the former complaint, answer, or reply, or of which the party was ignorant when his former pleading was made, a supplemental pleading is in the nature of an amendment, and a motion to be allowed to make such supplemental pleading will not be granted, unless the Court, in the exercise of its discretion, is satisfied that it would be in the interest of justice.

2. TENDER—TIME—AFTER ACTION—EFFECT.—The general rule is that a tender must be made before the commencement of the action; otherwise, facts occurring thereafter will not be considered.

3. INSURANCE — CANCELLATION — WAIVER — RETURN OF PREMIUM—JURY QUESTION.—Tender back of premiums paid, made after commencement of action on a fire policy, could not by operation of law rebut the inference of waiver of conditions from failure to give notice of cancellation; but the question whether there was a waiver should have been submitted to the jury.

Before PEURIFOY, J., Union, September, 1916. Reversed.

Action by J. N. Porter against the Dixie Fire Insurance Company. From the judgment rendered, plaintiff appeals.

*Mr. Jno. K. Hamblin,* for appellant, cites: *Waiver:* 102 S. C. 126; 104 S. C. 404; 96 S. C. 375. *Tender:* 88 S. C. 525.

*Messrs. Benet, Shand & McGowan,* for respondent, cite: 83 S. C. 262; 91 S. C. 734; 100 S. C. 47; 55 S. C. 450; 70 S. C. 82; 68 S. C. 387. *Tender:* 28 A. & E. Enc. L. 36. *Estoppel:* 78 S. C. 472.

July 4, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action upon a standard policy of fire insurance, and the appeal is from an order directing a verdict in favor of the defendant, on the ground that the policy was null and void, by reason of the fact that there was other insurance on the property at the time the policy was issued, without notice of such fact on the part of the defendant. The policy was issued on the 11th day of December, 1915, and the property was destroyed by fire on the 21st day of December, 1915. Within a week or ten days after the fire, notice of the other insurance was brought to the attention of the defendant. The action was commenced on the —— day of March, 1916. The policy contains this provision:

"This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be

returned on surrender of this policy or last renewal, this company retaining the customary short rate, except that, when this policy is canceled by this company by giving notice, it shall retain only the *pro rata* premium."

Up to the time when the action was commenced, the defendant had failed to give notice of cancellation. The record, however, contains this statement:

·"It was admitted by the attorneys for both sides that on 1st of April, 1916, J. A. Sawyer, on behalf of the defendant, tendered the entire premium paid· for the policy in the Dixie Fire Insurance Company to J. K. Hamblin, Esq., attorney for the plaintiff, and that said offer was declined. This was after the answer was served."

Section 228 of the Code provides: "That the plaintiff and defendants, respectively, may be allowed, on motion, to make a supplemental complaint, answer or reply, alleging facts material to the case, occurring after the former complaint, answer or reply, or of which the party was ignorant when his former pleading was made."

The supplemental pleading is in the nature of an amendment, and a motion to be allowed to make such supplemental pleading will not be granted, unless the Court, in the exercise of its discretion, is satisfied that it would be in the interest of justice. *Copeland* v. *Copeland,* 60 S. C. 135, 38 S. E. 269. No motion was made by the defendant to be allowed to make a supplemental answer.

The general rule is that a tender must be made before the commencement of the action; otherwise, facts occurring thereafter will not be considered. *Salinas* v. *Ellis,* 26 S. C. 337, 2 S. E. 121. In that case there was a tender of the amount which the defendant claimed was due on a mortgage executed by him. The plaintiff refused to accept the amount tendered, on the ground that it was not sufficient. Just before the hearing of the case before the master, the plaintiff's attorney offered to accept the amount tendered in full satisfaction of the mortgage;

but such testimony was not considered, and the Court held that the tender discharged the lien of the mortgage.

But, waiving the objection that the tender, after the commencement of the action, cannot properly be considered, nevertheless there was error on the part of his Honor, the presiding Judge, in directing a verdict in favor of the defendant. The sole purpose of the defendant in making the tender was to rebut any inference of waiver that might be drawn by the jury from the failure of the defendant to give notice of the cancellation prior to the commencement of the action. The tender, made after the commencement of the action, could not, by operation of law, rebut the inference of waiver; but all the facts—those arising before as well as those occurring after the action had been commenced—should have been submitted to the jury upon the question of waiver. His Honor, the Circuit Judge, therefore, invaded the province of the jury when he took from it the consideration of the facts tending to show waiver.

The construction by the Court of similar policies, in the cases of *Scott* v. *Insurance Co.,* 102 S. C. 115, 86 S. E. 484, and *Spence* v. *Phœnix Assurance Co.,* 104 S. C. 403, 89 S. E. 319, shows that the failure of the defendant, after the fire and before the commencement of the action, to tender the unearned premium, should have been submitted to the jury upon the question whether there was a waiver of the defendant's right to insist upon the forfeiture of the policy on the ground that there was other insurance.

Judgment reversed and case remanded for a new trial.

MR. JUSTICE WATTS concurs in the opinion of the Court.

MR. JUSTICE GAGE, *concurring.* I concur in the Chief Justice's opinion that the tender was made after action commenced, and that, therefore, it had no operation to defeat this action.

MR. JUSTICE HYDRICK, *concurring in result.* I concur in the result, on the ground that there was evidence of waiver, as pointed out by the Chief Justice. But I do not agree that defendant could not have the benefit of the tender without pleading it. In cases like this, the burden of proving waiver is on the plaintiff (*Spann* v. *Insurance Co.,* 83 S. C. 262, 65 S. E. 232) ; and plaintiff may prove it in reply (*Copeland* v. *Assurance Co.,* 43 S. C. 26, 20 S. E. 754), and, of course, without pleading it. Moreover, that question is not raised by the exceptions, and its decision is not necessary to the case.

MR. JUSTICE FRASER concurs in the opinion announced by MR. JUSTICE HYDRICK.