12927

ELKIN v. SOUTHERN RAILWAY ET AL.

(153 S. E., 337)

*Messrs. McDonald & McDonald* and *Frank G. Tompkins,* for appellant,

*Messrs. Douglas & Douglas,* for respondent,

May 16, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action was commenced in the Court of Common Pleas for Fairfield County, January 30, 1929, by James E. Elkin, as administrator of the estate of Kate B. Elkin, de-

ceased, against the defendants, Southern Railway Company and Southern Railway—Carolina Division, for recovery of judgment in the sum of $35,000.00 as actual and punitive damages, for the wrongful death of the said Kate B. Elkin, alleged to have been caused by the wanton, willful, careless, reckless and negligent handling and operation of one of the passenger trains of the defendant Southern Railway Company, thereby causing the said train to strike and injure her, from which injury she died. The said James E. Elkin was duly appointed and qualified as administrator of the estate of the said Kate B. Elkin, and he instituted the action for his own benefit, alleging that he was the husband of the deceased and the sole surviving statutory beneficiary. Before the time for an answering had expired, and before the defendants had filed an answer, the said James E. Elkin died. Thereafter, on March 14, 1929, Milo B. Martin was duly appointed and qualified as administrator *de bonis non* of the estate of the said Kate B. Elkin, deceased. On application of counsel for the plaintiff, supported by affidavits, his Honor, Judge J. K. Henry, granted an order requiring the defendants to show cause before him, June 12, 1929, why an order should not be issued continuing the action and substituting Milo B. Martin as administrator *de bonis non* of the estate of the said Kate B. Elkin, deceased, as plaintiff in the place of James E. Elkin, deceased, administrator, and also allowing the complaint to be amended by alleging that the action is for the benefit of the brothers and sister of the said Kate B. Elkin; namely, J. M. Brown, T. L. Brown, George W. Brown and Mrs. Lila B. Andrews. In their return to the rule, the defendants opposed the granting of the order sought, and set forth a number of grounds in opposition thereto. After a full hearing and due consideration, his Honor, Judge Henry, issued the order sought by the plaintiff. From this order the defendants have appealed to this Court.

There is no dispute as to the facts involved in the appeal. Kate B. Elkin was the wife of James E. Elkin. She died January 27, 1928, leaving no children, neither father nor mother, but leaving a husband, the said James E. Elkin, and three brothers, J. M. Brown, T. L. Brown, George W. Brown, and one sister, Mrs. Lila B. Andrews. As stated, the said James E. Elkin died after the commencement of this action, before time for answering had expired, and before the defendants had filed their answer. The action is under Sections 367 and 368, Volume 1, Code of 1922 (Lord Campbell's Act). Pursuant to the provisions of this Act the action at bar was brought for the benefit of the first class named, which was the husband, the decedent, Kate B. Elkin, having left no children. The husband, James E. Elkin, having died before judgment in the case, but during the pendency of the action, there being no one in existence to fit the second class of beneficiaries (the parents) named in the Act, the third class of beneficiaries named in the Act, namely, the brothers and the sister of the decedent, Kate B. Elkin, asked that the suit be for their benefit. Judge Henry having issued an order sustaining their contention, the appellants' exceptions question this ruling.

The section of the Act naming the beneficiaries for whom the action must be brought reads as follows:

"Every such action shall be for the benefit of the wife or husband and child, or children, of the person whose death shall have been so caused; and if there be no such wife, or husband, or child, or children, then for the benefit of the parent or parents; and if there be none such, then for the benefit of the heirs-at-law or the distributees of the person whose death shall have been caused, and shall be brought by or in the name of the executor or administrator of such person; and in every such action the jury may give such damages, including exemplary damages, where such wrongful act, neglect or default was the result of recklessness, will-

fullness or malice, as they may think proportionate to the injury resulting from such death to the parties respectively, for whom and for whose benefit such action shall be brought. And the amount so recovered shall be divided among the before-mentioned parties, in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate."

The decedent, Kate B. Elkin, having left no children, unquestionably it was proper for the action in the first instance to be brought for the sole benefit of James E. Elkin, the husband of the decedent, and it is the contention of the appellants that, when James E. Elkin died, the action abated, was extinguished and ended; that no cause of action, under the statute, survived in favor of the brothers and sister of the said Kate B. Elkin. It is the further contention of the appellants that, if the brothers and sister of Kate B. Elkin, deceased, have any beneficial right of action, under the statute, it is a new right of action, and must be enforced by a new action and not by continuance or an amendment to the action brought for the benefit of James E. Elkin, deceased, which action appellants contend "has been abated and extinguished, so that there is neither a plaintiff or a beneficiary in the action, on account of the fact that he was the administrator, plaintiff, as well as the sole beneficiary under the statute"; and appellants contend that Milo B. Martin, as administrator *de bonis non* of the estate of Kate B. Elkin, deceased, has no legal capacity to continue the action for the benefit of the brothers and sister of the said deceased. It is the position of the respondent that James E. Elkin having died before recovery, but during the pendency of the action, there being other beneficiaries in existence, the action for the death of the said Kate B. Elkin by wrongful act was not abated, extinguished or ended by the death of James E. Elkin, but that the action will be continued.

There is authority for appellants' position. It has been held under many of the statutes in other jurisdictions that the action and right of action abates upon the death of the beneficiary, or beneficiaries, as the case may be, of the first class entitled under the statute, and cannot be revived or prosecuted for the benefit of his or their heirs or next of kin, or for another class of beneficiaries named in the statute. Further, under some authorities this rule seems to be applied, regardless of whether the right of action is given to the beneficiary in his own right or to a personal representative; or, as in the case at bar, when the administrator alleged that he was the sole beneficiary entitled under the statute, and that the action was, therefore, for his sole benefit. While it seems to be generally conceded that, where one or more of the several beneficiaries in the same class die, the right of action abates as to them and survives for the exclusive benefit of the remaining beneficiaries of the same class, the greater weight of authority seems to be in favor of the position of appellants that, if a sole beneficiary, or beneficiaries, entitled at the time of the death of the person killed by wrongful act, die, the right of action is extinguished; it will not pass to the beneficiaries next in order in existence at the time of the death of the person by wrongful act. While the greater weight of authority seems to support this position, it is not supported by the decisions of this Court. Under the decisions of this Court, an action for the death of a person by wrongful act is not abated, extinguished or ended by the death of the beneficiary, or beneficiaries, named in the first class under the statute, where the death of the beneficiary under the first class occurs before recovery of judgment but during the pendency of the action, and where there are beneficiaries of another class in existence. Under the decisions of this Court, when James E. Elkin, the preferred beneficiary, died, the action was properly continued for the benefit of the next class of beneficia-

ries under the statute in existence, namely, the brothers and sister of the decedent, Kate B. Elkin.

The leading case on the question in this state is the ██ ` case of *Morris v. Gas & Electric Co.*, 70 S. C., 279, 49 S. E., 854. This case, from our viewpoint, should govern in the case at bar. Counsel for the appellants obtained the permission of this Court to review that case and the other decisions of this Court dealing with the question. We have carefully considered the reasoning of counsel for appellants, and are impressed with their argument, but not to the extent of overruling the *Morris case*. The opinion in that case was written by Mr. Justice Jones (later Chief Justice), and was concurred in by the other members of the Court at the time, Chief Justice Pope, Justice Gary (later Chief Justice) and Justice Woods, and in our opinion the reasons assigned by the Court for the conclusions reached in that case are clear and convincing. Furthermore, it should require circumstances of a very strong and controlling character to induce the Court to reverse a rule long in existence in this state in regard to property. *Morse v. Adams*, 2 S. C., 58. The reasons advanced by counsel for the appellants for overruling the *Morris case*, while of much force, are not convincing, and the principles announced in that case are re-announced and adhered to at this time. Also, we cannot agree with appellant's counsel that that case should be distinguished from the case at bar. In addition to the *Morris case, supra*, we also call attention to the case of *Free v. Southern Railway* Co., 78 S. C., 57, 58 S. E., 952, in which case Mr. Justice Woods, as the organ of the Court, wrote the opinion. We also call special attention to the extensive note given in 59 A. L. R., page 762; also note in 13 A. L. R., 225. Also, see 7 R. C. L., 1000-1002, on the rule *stare decisis;* also, *Lillard v. Melton*, 103 S. C., 25, 87 S. E., 421, on the same subject. As to the position of appellants that a new action should be instituted by the third class of

beneficiaries, the brothers and sister of the decedent, Kate B. Elkin, for their benefit, appellant's position cannot be sustained. In this connection see the following cases: *Sims v. Davis,* 70 S. C., 374, 49 S. E., 872; *Porter v. Dixie Fire Ins. Co.,* 107 S. C., 395, 93 S. E., 141; *Copeland v. Copeland,* 60 S. C., 135, 38 S. E., 269.

The exceptions are overruled, and the order appealed from affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.

MR. CHIEF JUSTICE WATTS did not participate.