17451

Shaw RUSHTON, Administrator of the Estate of Lucy Rushton Blakewood, deceased, Respondent, v. Thelma B. SMITH and R. Hoke Robinson, Administrators c.t.a., of the Estate of Thaddeus Joseph Blakewood, deceased, Appellants.

(104 S. E. (2d) 376)

*Messrs. Jefferies, McLeod, Unger & Fraser,* of Walterboro, and *W. L. Rhodes, Jr.,* of Hampton, *for Appellants,*

*Messrs. Randolph Murdaugh* and *J. Robert Peters, Jr.,* of Hampton, *for Respondent,*

July 17, 1958.

STUKES, Chief Justice.

This is an action for damages for the alleged wrongful death of Lucy Rushton Blakewood. It was brought by her administrator for the benefit of her parents, Smith Rushton

and Kate Rushton, and for the benefit of her brothers and sisters. On motion of the defendants the brothers and sisters were stricken from the complaint as beneficiaries of the action.

Plaintiff's intestate died as the result of injuries received in an automobile accident when she was riding with her husband, Thaddeus Joseph Blakewood, against whose estate the action was brought upon allegations of his causative negligence, recklessness, etc. She left no children.

The portion of the answer with which this appeal is concerned is the second paragraph of the fifth defense, which follows:

"That the said Lucy Rushton Blakewood was survived by her husband Thaddeus Joseph Blakewood and that they had no children; that the said Thaddeus Joseph Blakewood was the beneficiary for whom this wrongful death action could have been brought, but that he died prior to the institution thereof; that neither Smith Rushton, Kate Rushon * * * nor any of them, are the proper beneficiaries for whom this wrongful death action is brought; that the proper beneficiaries for whom this action is now brought are the heirs at law of the said Thaddeus Joseph Blakewood; but that if the said Thaddeus Joseph Blakewood were so negligent as to permit a recovery, said negligence automatically precludes any recovery by said heirs at law of the said Thaddeus Joseph Blakewood."

Plaintiff moved to strike the foregoing portion of the answer as sham, frivolous, irrelevant, immaterial and redundant and as not constituting a defense. The motion was granted and the tendered defense was stricken upon the ground that the parents of plaintiff's intestate are the proper beneficiaries of the action because of the death of her husband before the action was commenced, whereby the next remoter class of beneficiaries under the statute became entitled to the cause of action. This appeal followed.

The pertinent section of the Code of 1952 follows:

"§ 10-1952. Every such action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused, and if there be no such wife, husband, child or children, then for the benefit of the parent or parents, and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been so caused. Every such action shall be brought by or in the name of the executor or administrator of such person."

Respondent relies upon *Morris v. Spartanburg Ry., Gas & Electric Co.,* 70 S. C. 279, 49 S. E. 854, and *Elkin v. Southern Ry.,* 156 S. C. 390, 153 S. E. 337. Appellants petitioned for review of these decisions and that they be overruled or modified. (Like petition with respect to the *Morris case* was deliberately rejected upon review of the authorities by an able court in the *Elkin case.*) The *Morris case* was criticised in *White v. Atchison, Topeka & Santa Fe Ry. Co.,* 125 Kan. 537, 265 P. 73, 59 A. L. R. 749. On the other hand, it was cited and followed in *Garrard v. Mahoning Valley R. Co.,* 1919, 100 Ohio St. 212, 126 N. E. 53, and *Johns v. Blue Ridge Transfer Co.,* 1957, 199 Va. 63, 97 S. E. (2d) 723. And the result of it and of the *Elkin case* is defended in the editorial comment in 59 A. L. R. 762, 763. Discussions of the subject are found in 16 Am. Jur. 82, Death, sec. 116 and annotations cited in the footnotes and cumulative supplement, and in 25 C. J. S., Death, § 40, p. 1132.

Appellants have not pleaded or argued that the cause of action here stated abated by reason of the death of their intestate, as was contended in the *Morris* and *Elkin cases;* but they contend that it passed to his estate or heirs at law rather than to the next remoter class of statutory beneficiaries who are the parents of respondent's intestate. There is auhtority therefor in other jurisdictions, representing the apparent majority view, as was noted in the opinion in the *Elkin case* with respect to the contention of abatement which was made in that case.

However, after long and careful consideration we have concluded that the authority of our former, cited decisions is applicable to the facts of this case, and they should not be overruled or modified. In the *Morris case* the preferred beneficiary died pending the action but before trial; the administrator was allowed to continue the action for the benefit of the next remoter class of beneficiaries. Elkin was the surviving husband and preferred beneficiary of the decedent in that case and was her administrator, and he brought the action for his own benefit; before answer by the defendant, he died; a substituted administrator was permitted to continue the action for the benefit of a remoter class of beneficiaries. The difference in the facts of the case at bar and those in these authorities does not demand a different result; the contrary is true, and the cited cases must be followed. Of course, this decision applies no further than the facts of the case in hand.

Appellants finally argue in their brief the imputability of the negligence of the husband to the next remoter class of statutory beneficiaries, for whose benefit the action was brought. This claim is not contained in the portion of the answer under review and very properly was not made before, or decided by, the lower court. Under these circumstances it will not be considered by this court. *Richardson v. General Motors Acceptance Corp.*, 221 S. C. 14, 68 S. E. (2d) 874.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.