8457

JONES v. A. H. WILLIAMS & CO.

SUPPLEMENTAL COMPLAINT.—IN AN APPEAL from an order granting leave to file a supplemental complaint the burden is on appellant to satisfy this Court that there was an abuse of discretion in granting the motion, which was not done in this case.

Before SHIPP, J., Florence, March, 1912. Affirmed.

Action by Ella F. Jones against A. H. Williams & Co., C. M. Kelly and O. T. Hall, of whom A. H. Williams & Co. and C. M. Kelly appeal.

*Mr. Walter Hazard*, for appellants, cites: *The application is untimely and plaintiff is guilty of laches:* 36 Cyc. 695; 14 S. C. 434; 21 Ency. P. &. P. 53; 1 Barb. Ch. Pr. 60; Dan.

Ch. Pr. 1523; 1 Hoffman's Ch. Pr. 398; Story Eq. Pl., sec. 3380; 45 Fed. R. 299, 695; 57 Barb. 582; 41 N. J. Eq. 407; 47 S. C. 190; 31 Cyc. 501; 60 S. C. 477; 60 S. C. 135, 477; 21 Ency. P. & P. (c). *Order was error of law:* 5 S. C. 450. *Plaintiff did not act in good faith, and granting motion was abuse of discretion:* 16 Cyc. 444; 38 S. C. 228; 21 Ency. P. & P. 61. *Supplemental complaint sets up a different case not in aid of original action:* 14 S. C. 434; 3 Strob. 190; 21 Ency. P. & P. 20-1; 31 Cyc. 503.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: *Filing a supplemental complaint is within discretion of Circuit Judge:* 60 S. C. 135; 28 S. C. 172.

March 15, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an appeal from an order granting to the plaintiff, leave to file a supplemental complaint.

The rule governing appeals in such cases, is thus stated in *Copeland* v. *Copeland,* 60 S. C. 135, 38 S. E. 269: "Since a supplemental pleading is in the nature of an amendment to the pleading, sought to be supplemented, the same rule should, in reason, apply, and must apply, if as stated in *Moon* v. *Johnson, supra,* the matter rests in the discretion of the Court. As stated by acting Associate Justice Benet, in *Norris* v. *Clinkscales,* 47 S. C. 498, 'The Courts and text writers all concur, that by judicial discretion is meant sound discretion, guided by fixed legal principles. It must not be arbitrary nor capricious, but must be regulated upon legal grounds—grounds that will make it judicial. It must be controlled by conscience and not by humor.' In an appeal from the exercise of this discretion, this Court will not examine the evidence, with a view to substitute its judgment, as to its weight and sufficiency for that of the Judge, to whose discretion the matter is submitted. We merely

examine the evidence, with a view to ascertain whether there was abuse of discretion; that is, whether the Court's action was based upon his view of the evidence, or absence of evidence, or was but an arbitrary or capricious exercise of will, and without regard to the evidence."

The appellant has failed to satisfy this Court, that there was an abuse of discretion on the part of his Honor, the Circuit Judge.

Appeal dismissed.