6805

### BERNARD v. BERNARD.

PARTIES.—RIGHTS OF CONTINGENT REMAINDERMEN not in esse may be determined by a decree in a case in which the holder of the preceding estate is a party. A sale made in such case after birth of contingent remaindermen by present order based on decree before birth is binding on such remaindermen and the purchaser.

Before GAGE, J., Charleston, November, 1907. Affirmed.

Rule to show cause aganst A. G. Rhodes and Joseph Maybank in case of Henry O. Bernard *et al.* against Joseph H. Bernard *et al.* From order making rule absolute, respondents appeal.

*Messrs. Nathans & Sinkler,* for Rhodes, appellant.

*Messrs. VonKolnitz & Waring,* for Maybank, appellant, cite: *There can be no final decree until all parties are before the Court:* 103 U. S., 519; 106 U. S., 431; 3 Crouch., 179; 106 U. S., 3. *Remaindermen born since first order of sale are necessary parties:* 20 S. C., 78; 1 McC. Ch., 301; 3 Rich. Eq., 1; 23 S. C., 514; 22 S. C., 229. *Sales could only be had after judicial hearing:* 99 U. S., 761; 17 Ind., 173; 50 Tex., 501; 103 U. S., 518. *Representation by class is only permitted by necessity:* 16 How., 288.

*Messrs. Smythe, Lee & Frost,* contra, cite: *Order made with all parties in esse before Court is binding on after-born contingent remaindermen:* 3 Rich. Eq., 1; 16 S. C., 155; 20 S. C., 71; 22 S. C., 323, 412; 33 S. C., 293; 38 S. C., 188. *All parties are bound by the present order:* Code of Proc., 140; 76 S. C., 156.

March 17, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. Mrs Clementine H. Bernard departed this life years ago, seized and possessed of a considerable real estate in the City of Charleston, which she devised to her children for life, with remainders to the children of each child living at the time of her child's death.

The facts are not in dispute and are thus set out in the decree of his Honor, the Circuit Judge:

"It appears that on April 1, 1897, W. Gibbes Whaley, then one of the masters of this Court, recommended the sale of certain parcels of property belonging to the said estate, and also recommended that the proceedings should be kept open for the purpose of making such subsequent sales as might be deemed advisable by the trustees. In conformity with this report, Judge Witherspoon, presiding judge of the Court, on April 2, 1897, made an order which contained *inter alia* the following provisions:

"'Ordered, adjudged and decreed that the said report be, and is hereby, confirmed, and the master is directed to carry into execution the recommendations therein made.

"'Further ordered, adjudged and decreed that the master proceed to sell the property set forth in the report on the terms therein set out.

"'Further ordered, adjudged and decreed that these proceedings be kept open, so that, from time to time, such changes may be made in the office of the trustee, under the will of Mrs. C. H. Bernard, as may be necessary, and any other changes or alterations in the management, disposition or control of said trust property, as may from time to time be deemed advisable.

"'Further ordered, adjudged and decreed that upon suggestion of plaintiff's attorney, the master shall have leave to report to the Court such additional descriptions of the property belonging to the said trust estate as may be deemed necessary, and also to report the advisability of selling or disposing of the same, and to sell or otherwise dispose of the same from time to time as may be directed by this Honorable Court, or a Judge thereof.'

"It appears that at the time the said order was taken, all parties who were then *in esse,* and who had any interest in the said property under the terms of the will of Mrs. C. H. Bernard, were made parties to this proceeding. Since that time, however, certain minors have been born who hold interest in the remainders of the said estate, and certain parties have died whose children have fallen heirs to their interest in the property. The purchasers object to compliance with their bids, on the ground that these subsequently born parties are not before the Court, and that, consequently, they will not be bound by the order of the Court decreeing a sale of the property.

"There is a distinction in the question which arises as to various properties. The George and King Street property, which is under contract of sale to A. G. Rhodes, and the King Street property, under contract of sale to John McAllister, were specifically mentioned in the master's report of April 1, 1897, and were ordered to be sold under the decree of Judge Witherspoon dated April 2, 1897.

"On the other hand, the Broad Street property, which is under contract of sale to Joseph Maybank, M. D., and the Magazine Street property, which is under contract of sale to A. H. and H. W. Silcox, copartners as Silcox & Co., were not specifically mentioned in the report and consequently were not ordered to be sold by the Court in the order of April 2, 1897."

Master H. W. Mitchell, Jr., who succeeded Master Whaley, made a report on the 28th of October, 1907, to the effect that an offer to purchase the property on Broad Street had been made by Dr. Joseph Maybank, and he recommended that a sale be ordered by the Court, which order was made on the 13th of November, 1907.

The only objection urged by the purchasers why they should not be required to comply with their bids was, that the subsequently born remaindermen are not parties to the action and therefore will not be bound by the order of the Court that the property be sold.

There are several exceptions, but they are dependent upon the view which the Court takes of the objection just mentioned .

In the case of *Moseley* v. *Hankinson,* 22 S. C., 323, 328, Mr. Chief Justice McIver, in behalf of the Court, uses this language:

"The general rule in equity undoubtedly is, that all persons who are materially interested in the subject of the suit must be made parties, but it is equally true that this rule is subject to some exceptions, and the practical inquiry is, Does this case fall within any of the exceptions? Without undertaking anything like a review of the cases, we think the authorities show that the contingent remaindermen, who were *in esse* and within the jurisdiction of the Court, were necessary parties. In Mitford's Equity Pleadings, 174, it is said: 'Contingent limitations and executory devises to persons not in being may in like manner be bound by a decree against a person claiming a vested estate of inheritance; but a person in being claiming under a limitation by way of executory devise, not subject to any preceding vested estate of inheritance by which it may be defeated, must be made a party to a bill affecting his rights (citing numerous authorities). These authorities establish the doctrine that while, as a general rule, the contingent remaindermen are necessary parties, yet where they are not *in esse at* the time, and there is before the Court a person entitled to a prior vested estate of inheritance, and, perhaps, if there is no prior vested estate of inheritance, then if the person entitled to the prior life estate and the trustees are parties, the Court may make a decree that will conclude the rights of such contingent remaindermen; but they do not warrant the idea that contingent remaindermen who are *in esse* and can be made parties, can be safely dispensed with. * * * The very object of applying to the Court is, to obtain authority for disposing of the interests of others, and those really entitled to such interest must, if practicable, be made

parties to any proceeding by which it is proposed to dispose of their interests."

This language is quoted with approval in *Rutledge* v. *Fishburne,* 66 S. C., 166, 44 S. E., 564, which case is conclusive of the question under consideration.

Conceding that the subsequently born remaindermen have the right to intervene, they nevertheless would be bound by all orders in the case before they were made parties, and for a stronger reason the purchasers are bound by such orders.

Furthermore, even if the return to the rule to show cause should be construed as an application for a supplemental pleading on the part of the purchasers, alleging material facts subsequently occurring, the right to an order allowing such supplemental pleading rests in the discretion of the Court, and there are no facts in the record tending to show that the discretion was abused in this instance. *Copeland* v. *Copeland,* 60 S. C., 135; 38 S. E., 269.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.