## 10368

### OATES v. FOUNTAIN.

#### (101 S. E. 830.)

1. EVIDENCE—PLAINTIFF IS BOUND TO PROVE CASE.—It is elemental that plaintiff is bound to prove the case which he has brought.

2. TRIAL—WHERE FACTS SHOW NOTICE, AGREED STATEMENT THAT NO NOTICE WAS RECEIVED DOES NOT CONTROL.—In a case heard on an agreed statement of facts where the facts show that plaintiff knew that his assessment had been raised by the State Tax Commission, a statement that no notice was given, which is an inference of counsel, is immaterial.

3. TAXATION—WHERE TAXPAYER HAD ACTUAL NOTICE OF INCREASE BY STATE TAX COMMISSION, FAILURE TO PUBLISH NOTICE IS IMMATERIAL.—Where a taxpayer had actual notice of the increase of his assessment by the State Tax Commission, the failure of the chairman of the county board of equalization to publish notice of such increase, as required by Act February 25, 1916 (28 St. at Large, p. 961), amending Act February 20, 1915, sec. 12, does not invalidate the tax.

Before MOORE, J., Darlington, Spring term, 1919. Affirmed.

Action by W. L. Oates against E. W. Foutain, Treasurer of Darlington County, to recover back taxes paid. Judgment for defendant, and plaintiff appeals.

The statute (29 St. at Large 961), referred to in the opinion, reads as follows:

"Whenever the Tax Commission shall increase any assessment it shall mail or otherwise transmit notice thereof to the person affected thereby; or where as many as twenty per cent. of the taxpayers of the county, municipality or tax district is affected thereby, to the chairman of the board of equalization of such county, municipality or tax district. And said chairman shall give public notice for at least one week in one or more county papers, and any person, firm or corporation feeling aggrieved and desiring a review by the tax board of review, or upon the request of any one or more taxpayers of any such county, municipality or tax district affected by such increase, that he or they have been aggrieved, the said person, firm or corporation or the said chairman of the county board of equalization or any other taxpaying citizen shall have the right in behalf of himself and in behalf of all the taxpayers of the said county, municipality or tax district as a body to appeal to the said tax board of review. Within the ten days after the receipt by mail or otherwise of such notice of increase by said Tax Commission, the said person, firm, corporation or representative of the said county, municipality or tax district hereinabove provided, shall serve by mail or otherwise upon the chairman of the South Carolina Tax Commission a written notice of intention to appeal to the tax board of review together with the specific grounds upon which a reversal or modification of the action of the Tax Commission is desired; and upon such notice and grounds being served, the South Carolina Tax Commission shall transmit to the tax board of review all papers, books and documents relating to the matters to be reviewed, together with any statement said commission may desire to make; that upon such notice, exceptions, rec-

ords and statement the tax board of review shall make its findings and shall have the power to affirm, modify or reverse the action of the Tax Commission therein.   On hearing such appeal before the board of review, the appellant and the South Carolina Tax Commission shall be entitled to a hearing in person or by such attorney or attorneys as either appellant or Tax Commission or both may select or employ. The said chairman of the county board of equalization shall be paid a per diem of five dollars and actual railroad fare for the necessary time engaged in the aforesaid appeal, not exceeding five days in any one year, to be paid by the county he represents."

*Messrs. E. O. Woods* and *Miller & Lawson,* for appellant, submit: *That the attempted increase of assessment of appellant's property was absolutely null and void for failure to comply with the statutes, especially in regard to giving notice of increase of his assessment, and that the failure to give such notice prevented him from enjoying the privilege . to which he was entitled, of appealing to the tax board of review:* XXIX Statutes, sec. 12, p. 961.   *When the appellant went to pay his taxes—not having had any notice of the increase—he could not then appeal, and the only thing he could do was to pay under protest and sue for recovery:* Cooley on Taxation, vol. I, 625, 626 and 627; 122 U. S. 154; L. R. A. 1916e, p. 14, *et seq.;* 130 U. S. 189; Lawyers' Ed. 902; 80 U. S. 13 Wall. (20-702) ; vol. I, Code of Laws 1912, sections 392, 408 and 445, 462, 461, 404. *The judgment of the Circuit Judge cannot be supported on other grounds than those on which he rested it:* Court . Rule 5, section 8.

*Attorney General S. M. Wolfe, Acting Assistant Attorney General A. M. Lumpkin* and *Mr. Jerome F. Pate,* for respondent.   *Messrs. A. M. Lumpkin, Acting Assistant Attorney General,* and *Jerome F. Pate,* submit: *That appellant has no standing in this Court for the redress of*

*his alleged wrongs, for the reason that the increased valuation of his property was legal and he had due legal notice thereof:* Acts of 1915, p. 125; Acts of the General Assembly, approved February 25, 1916, entitled "An act to amend an act entitled 'An act to create a Tax Commission and to define its powers and duties, approved 20th February, A. D. 1915."

January 27, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff sued to recover back from the county treasurer $49.23 paid to him, and now alleged to have been in excess of what the plaintiff was chargeable by law to pay.

The Circuit Court dismissed the complaint, and the plaintiff has appealed.

The controversy arises out of the action of the State Tax Commission, whereby that body undertook to raise for the purposes of equalization the value of lands in Darlington from $5.30 the acre to $10.70 the acre.

It is not denied that the action of the Tax Commission was lawful; it is only denied that the plaintiff was notified of the commission's action before the plaintiff went to pay his tax.

By the law after the assessment was raised it became the duty of the Tax Commission by mail or otherwise to transmit notice thereof to the chairman of the board of equalization of Darlington county; and it became the consequent duty of the said chairman, where as many as 20 per cent. of the taxpayers of the county is affected thereby (and so much was the case in Darlington county), to give public notice of the same fact for at least one week in the county newspapers. Let section 12, as amended by the Act of 1916 (29 St. at Large 961), be reported.

An agency, therefore, designated by the statute in the instant case, to carry notice of the raise of assessment to the

taxpayers, was the chairman of the county board of equalization, and a process was publication in the county newspapers; and the alleged failure of the chairman of the board of equalization to do that is the only wrong the plaintiff suggests.

1    The plaintiff brought the action, and it is elemental that he was bound to prove his case.

2    The cause was heard on an agreed statement of facts.

It does appear therein that "No notice. of the raises made thereby was given * * * by the chairman of the board of equalization; and that no other notice than the one sent out by Hatchell of date May 14, 1918, was ever given."

The Circuit Court found that the plaintiff had no formal notice of the order of the Tax Commission to raise the assessment; but that the plaintiff had actual notice of such increase "at and before" the time when he went to pay his tax, and, having such notice, his remedy against the raise was by appeal to the State board of review.

It is not, therefore, a correct statement by the appellant that the Circuit Court restricted its finding as to notice to that notice which the plaintiff got when he went to pay his taxes; the Court distinctly found, also, that the plaintiff had notice "before" he went to pay the tax.

And about the truth of that there can be no reasonable doubt when heed is paid to the following circumstances: On May 14th the secretary of the county board of equalization sent a letter to the plaintiff, and therein advised him that "by order of the So. Car. Tax Commission the assessment on your real estate in Oates school district has been raised from $2,900 to $4,930," although the same seems not to have been then true; on May 24th, Mr. Lawson, counsel then and now for the plaintiff, inquired of the Tax Commission, "Have you issued any official order raising the assessed valuation of land in Darlington county?" The Tax Commission answered that the official order had not been made, but

that it would be issued in a few days, after which there would be ample time to appeal; that the official order was made on May 29th, and the auditor of Darlington was notified of the fact; the county board of equalization in Darlington had notice on March 21st of the contemplated increase in assessment, and on that day, at a meeting in the courthouse, it declined to execute the orders of the Tax Commission; the assessment affected the entire real estate of the county.

These circumstances, all true, point to only one conclusion, and that is the plaintiff knew his assessment had been raised.

It is true that the statement of facts does declare, as before stated, that no other notice than the one sent out by Hatchell May 14th was given; but the circumstances we have recited, all in the record and undisputed, are plainly to the contrary, and they constitute notice, it matters not what inference counsel may draw from them.

What was notice is dependent upon the undisputed facts, and the only inference to be drawn from them is that the plaintiff knew of the increase in assessment.

The statute is not rigid as to how the taxpayer shall get notice of a change of assessment, or how the board of review shall get notice of an appeal; it declares that notice may be carried, in either instance, by mail or otherwise.

The plaintiff had ample notice otherwise than by mail, and his remedy was by appeal to the board of review.

The judgment is affirmed.