13031

STATE v. FREE

(155 S. E., 838)

June, 1929.

*Messrs. W. E. Ackerman,* and *A. L. Hamer* for appellant

*Mr. W. Turner Logan, Solicitor,* and *W. A. McIlwaine,* for respondent,

November 19, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, Free, charged with non-support of his minor child, was tried and convicted at the June, 1929, term of Court of General Sessions for Charleston County. A motion for a directed verdict of "not guilty," made on the ground, apparently, that a father is required to support his minor children only at the place of his residence and that the evidence in this case conclusively showed that the wife left her husband's home and kept the child in her custody, was refused by the Court. The main question presented by the appeal is: Was there error in refusing the motion?

Mrs. Free, the wife of the defendant, testified that they were married in March, 1922, and that her husband took her to live with his people; that a son was born to them in November, 1923; that before the birth of this child, her husband told her that she had to do all the work for the family or get out; that, on account of his treatment of her, she left him several times but went back to him, at his request, after each separation, upon his confession that he was sorry for what he had done, his admission that he was wrong, and his promise to make amends for his wrongdoing; that he finally deserted her in January, 1925, after stating to her that he loved another woman and had no further interest in her; that during the five and a half years of the child's life she had worked and supported it, the husband giving her no assistance except the sum of $26, although during the whole time he was receiving a salary of about $1,500 a year; and that he made no offer to take care of the child until after a warrant had been issued for him, and then only upon condition that its custody be surrendered to him.

The obligation of a husband to his wife is paramount, and it is his duty to provide her a home in accordance with his means, where she may live as the object of his care and comfort, without interference from members of the household; and "if such a home is not provided, the wife is justified in leaving, and not only is not guilty of desertion in so doing but may charge the husband with constructive desertion." *State v. Bagwell,* 125 S. C., 401, 118 S. E., 767, 768.

In support of his position, the appellant relies upon *State v. Scurry,* 114 S. C., 191, 103 S. E., 527, but the facts of that case differentiate it from the case at bar. It did not there appear that the wife, who left the husband's abode and took their children with her, had any just cause or excuse for doing so, as the husband provided amply for them at his home, and no reason was given why she had left him and taken the children with her. In the case at bar, there was ample testimony tending to show that the wife had just cause or excuse for leaving her husband and taking the child with her, and that he had no just cause or excuse for failing to support it. The Court, therefore, properly refused to direct a verdict.

Nor was there error of law on the part of the trial Judge in refusing to grant defendant's motion for a new trial, to which exception was made.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.