17370

Frances R. SIMONDS, Respondent, v. John C. SIMONDS, Appellant

(101 S. E. (2d) 494)

*Messrs. Buist & Buist* and *Thos. P. Bussey,* of Charleston, *for Appellant,*

*Messrs. Stoney & Stoney* and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondent,*

December 18, 1957.

Moss, Justice.

The respondent, Frances R. Simonds, and the appellant, John C. Simonds, are husband and wife. They were married

on November 12, 1930 in Charleston, South Carolina. Three children were born of the marriage, two of whom are now *sui juris,* and the third child is approximately nineteen years of age.

This action, which was instituted on December 7, 1953, was one for a divorce on the ground of habitual drunkenness. Section 20-101(4), Code of 1952. The respondent also asked for an award of the custody of the children to her, subject to reasonable rights of visitation in favor of the appellant; that she be awarded a lump sum alimony; that the appellant be required to make suitable provisions for the education, maintenance and support of the minor children; that the court fix proper compensation for her attorneys, and require the appellant to pay the same; and that she be awarded temporary alimony in the sum of $750.00 per month.

The appellant filed an answer to the complaint, asserting his earnest and sincere desire for a reconciliation between the parties, pursuant to Section 20-110 of the 1952 Code of Laws of South Carolina.

The appellant specifically denied that he was an habitual drunkard. He asserts also that he has made substantial payments to the respondent for her support and maintenance, and in addition thereto, has expended substantial sums of money for the support of his children.

At the time of the institution of this action and the service of the summons and complaint, notice of motion for temporary alimony was made and later heard by the Circuit Judge at Charleston, S. C. He ordered the payment of temporary alimony to the respondent at the rate of $600.00 per month during the pendency of the action. Upon appeal to this Court, the judgment of the lower Court was modified and the case remanded to that Court for rehearing on the question of the proper amount of temporary alimony, because the record did not show as to whether the allowance was fixed in so large an amount because of a lack of knowl-

edge that it would be federal income tax free to the respondent. *Simonds v. Simonds,* 225 S. C. 211, 81 S. E. (2d) 344. The record does not show that any Order was thereafter passed fixing and determining temporary alimony.

The case was referred to the Master of Charleston County, and after all the testimony had been taken, the respondent was allowed to amend her complaint by adding thereto, as an additional ground for divorce, that of constructive desertion.

The Master of Charleston County held seven references. The testimony was taken and various exhibits offered in evidence. On April 1, 1955, the Master filed his report recommending that the respondent be granted an absolute divorce from the appellant on the grounds of habitual drunkenness and constructive desertion. He also recommended that respondent be awarded a lump sum payment of $225,-000.00 for her own maintenance and support; that the appellant be required to make suitable provision for the education, maintenance and support of the minor children of the marriage, and that he be required to pay the fees of the attorneys representing the respondent, in an amount to be subsequently reported to the Court.

The husband filed sixty-nine exceptions to the report, which exhaustively challenged the correctness of the Master's findings and the propriety of awarding lump sum alimony and the amount of it. The appeal from the Master's report was heard by Honorable James M. Brailsford, Jr., as Judge of an adjoining Circuit because the resident Judge of the Ninth Circuit had disqualified himself. He reversed the Master's findings as to the wife being entitled to a divorce on the grounds of habitual drunkenness and constructive desertion. He did not pass or refuse to pass upon the exceptions having to do with the recommendations made by the Master as to alimony and attorneys' fees. The trial Judge found that the husband and wife separated on December 17, 1952 and that from the time of the separation until the commencement of the action on December 7, 1953,

that the husband had wholly abstained from the use of alcoholic beverages. Upon appeal to this Court, the conclusions of Judge Brailsford denying the wife a divorce on the ground of the husband's habitual drunkenness, was affirmed. We said:

"Based upon the authorities heretofore cited and referred to, in order that a divorce may be granted on the ground of habitual drunkenness, such must exist at or near the time of the filing of the action for a divorce. It being admitted that the respondent had totally abstained from the use of alcohol in any manner for approximately a year after the separation of the appellant and respondent, the condition of habitual drunkenness did not exist at or near the time of the filing of this action. The Trial Judge properly held that a divorce could not be granted on the ground of habitual drunkenness."

This Court also affirmed the lower Court in denying the wife a divorce on the ground of constructive desertion. We said [229 S. C. 376, 93 S. E. (2d) 111]:

"Applying the principle announced in the case of *Mincey v. Mincey* [224 S. C. 520, 80 S. E. (2d) 123], *supra*, the appellant is not entitled to a divorce on the ground of constructive desertion because a year had not elapsed from the date of the desertion to the commencement of this action. Section 20-101(2), 1952 Code of Laws of South Carolina."

The wife asked this Court to reinstate the Master's report as to lump sum alimony and attorneys' fees. This request was refused because we were powerless to make a separate maintenance award or to allow attorneys' fees where such had not been awarded by the lower Court. However, we did hold that if the wife was entitled to such an award, that the same could be made, in this action, by the Common Pleas Court of Charleston County. We said:

"It is the opinion of this Court that the judgment of the Court below was correct and it is affirmed, but the case is remanded for the purpose of permitting the lower Court to

pass upon whether or not the appellant is entitled to separate maintenance and attorneys' fees. Upon this issue, we express no opinion."

We have quoted from our opinion in *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107, this being the report of the second appeal in this case.

Following the remand of this case to the lower Court for the purpose stated, the wife moved before Honorable G. Badger Baker, Judge of the Twelfth Circuit, for an Order, upon the record in this cause, including the testimony and exhibits, awarding her a lump sum for separate maintenance and attorneys' fees. Alternatively she moved, upon failure of the Court to award separate maintenance in a lump sum, that such be allowed in monthly installments. The motion as to attorneys' fees was supported by several affidavits as to the worth of the services rendered to the wife by her attorneys.

After the service of the motion by the respondent for an Order awarding her alimony and attorneys' fees, the appellant served a notice of motion to be allowed to file a supplemental answer in the cause. Judge Baker orally ruled, when the motion was heard, that he would allow the same to be filed, but stated that while at the moment he could see no need for taking additional testimony, he would permit counsel for the appellant to argue this question. The respondent filed a return to the proposed supplemental answer of the appellant. In support of her return she also filed an affidavit. The respondent contended that all questions should be determined on the record as it was completed prior to the filing of the Master's report. The appellant contended that the Court should either take additional testimony or that the cause be referred for the reason that the case was now, for the first time, a suit for separate support and maintenance as opposed to a divorce action, and that he was entitled to' prove what he had been doing from the time of the separation to the date of the hearing by way of maintaining and supporting his wife and attempting a *bona fide* reconciliation. He also contended that the respondent had no evidence

tending to prove in any manner that the support given her by her husband was inadequate, and that the first suggestion of any such inadequacy was contained in her affidavit submitted at the hearing, and that he should be given the right to cross examine her and to offer evidence of the adequacy of the support which he was furnishing for his wife. The appellant also contended that evidence should be received as to the then financial and tax status of both parties to the action, and that both parties should be allowed to offer witnesses and to cross examine witnesses as to the amount of counsel fees to which the wife was entitled to recover, if any, rather than deciding the issues on affidavits without any right of cross examination to either party.

It is conceded that the wife would not be entitled to recover counsel fees in the absence of obtaining affirmative relief in this action. The appellant alternatively moved for the taking of testimony by the Court or for an Order of Reference upon the issues made by the supplemental pleadings. It is agreed that the Court did not rule upon any of the motions on behalf of the appellant and gave no indication as to whether he would take testimony, or refer the cause, or receive and consider reply affidavits. It is further agreed in the statement of the case that the appellant, being unable to ascertain as to whether the Court would take testimony, or refer the cause, or consider reply affidavits, served a notice of motion to strike the return of the respondent to the supplemental answer of the appellant.

The record shows that on May 22, 1957, the Court filed an Order wherein he disallowed the filing of the supplemental answer on behalf of the appellant, which previously had been orally allowed, overruled the exceptions of the appellant to the Master's report relating to alimony, and found that the respondent was entitled to an award of separate maintenance from the appellant. He confirmed a lump sum alimony award of $225,000.00 in favor of the wife, and allowed counsel for the respondent the sum of $15,000.00 as attorneys' fees,

In refusing to permit the appellant to file a supplemental answer, the trial Judge said:

"Preliminary to the disposition of the main questions in the case is the disposition of the Defendant's Motion for permission to file a Supplemental Answer. In this connection, it is plain that there are no new material facts which have developed since the filing of the Defendant's original Answer with the possible exception of the Defendant's continued sobriety. Since it was conceded that I might take this factor into account, the filing of a Supplemental Answer would serve no useful purpose. Furthermore, it was conceded that the Defendant wished a reconciliation, but in Plaintiff's verified Return, she positively asserts that under no circumstances will she ever return to the Defendant for whom, she asserts, she now holds neither love, confidence, trust or respect."

The appellant gave due and timely notice of appeal to this Court from the Order of the trial Judge. He has filed thirty-four exceptions to such Order. The exceptions raise the following questions: (1) Did the trial Judge base his order on an erroneous conception of the issue, or issues, properly before him for decision? (2) Did the trial Judge commit an abuse of discretion, or error of law, in the procedure which he followed, which procedure did not allow the appellant to be fully heard or his defense considered? (3) Is the respondent entitled to any relief under the law and the facts of this case? (4) Was there error in allowing lump sum alimony in the amount of $225,000.00? (5) Was there error as to the Court costs and attorneys' fees awarded the respondent? These questions will be discussed in the order stated.

In the case of *Machado v. Machado*, 220 S. C. 90, 66 S. E. (2d) 629, 635, the husband instituted an action against his wife for a divorce on the ground of desertion. The wife counterclaimed for a divorce on the ground of constructive desertion. The lower Court granted a divorce to the wife and required the husband to pay lump

sum alimony and attorney's fees. Upon appeal to this Court the decree granting the wife a divorce *a vinculo matrimonii* was reversed, but the Court affirmed the right to the wife to separate maintenance and support. This Court said:

"The causes for which separate maintenance may be granted are not confined to those which constitute grounds for divorce. Accordingly, a court may decree such maintenance although a divorce is denied. Nelson on Divorce and Annulment, 2nd Edition, Vol. 3, Sections 32.10 and 32.12; *Sales v. Sales,* 222 Ky. 175, 300 S. W. 354; *Bradford v. Bradford,* 296 Mass. 187, 4 N. E. (2d) 1005; *Cochrane v. Cochrane,* 303 Mass. 467, 22 N. E. (2d) 6, 138 A. L. R. 341. In actions for divorce, we are limited by the terms of the Constitution. There is no statute in this state undertaking to fix the grounds for separate maintenance and support. This is left to the broad discretion of a court of equity."

In remanding this case for the purpose of permitting the lower Court to pass upon whether or not the wife was entitled to separate maintenance and attorneys' fees, we quoted the foregoing from the *Machado v. Machado case, supra.* Hence, the sole issue for determination by the lower Court was whether or not the wife was entitled to separate maintenance and attorneys' fees.

When this case was remanded to the lower Court for determination of the question hereinbefore stated, we said:

"A review of the exceptions filed to the Master's Report show that nine of such exceptions had to do with the recommendations made by the Master as to alimony and attorney's fees. The order of the Trial Judge, as is above stated, did not pass upon these exceptions nor did he refuse to pass thereon. This being the situation, this court is powerless to make a separate maintenance award or to allow attorney's fees. If the appellant is entitled to such an award, the same can be made, in this action, by the Common Pleas Court of Charleston County." [93 S. E. (2d) 112.]

Judge Baker, in rendering his decision, said: "In disposing of these questions, I have taken into account the num-

erous exceptions of the defendant to the Master's Report whose consideration was specifically omitted by Judge Brailsford." The lower Court also stated: "The plaintiff is hereby awarded separate maintenance from the defendant" and fixed lump sum alimony in the amount heretofore stated.

We must conclude that the lower Court decided only the issues which were remanded to it by this Court, such issues being whether the wife was entitled to separate maintenance and attorneys' fees. Hence, we conclude that the trial Judge did not base his order on any erroneous conception of the issues before him for decision.

The appellant asserts that the trial Judge committed an abuse of discretion, or an error of law, in the procedure which he followed at the hearing of this case when it was remanded to the lower Court for the purpose of determining whether or not the wife was entitled to separate maintenance and attorneys' fees.

The appellant attempted to file a supplemental answer and the Court below finally refused this permission.

It is provided in Section 10-610 of the 1952 Code of Laws of South Carolina that "The plaintiff and defendant, respectively, may be allowed on motion to make a supplemental complaint, answer or reply alleging facts material to the case occurring after the former complaint, answer or reply of which the party was ignorant when the former pleading was made,  *  *  *".

The foregoing section of the Code has been passed upon in a number of cases. The refusal of a motion to file a supplemental answer is ordinarily within the discretion of the Circuit Court and will not be reversed by this Court except for an abuse of such discretion, or unless the action of the trial Judge was controlled by some error of law, or unless some substantial right is thereby lost or impaired. *Bernard v. Bernard*, 79 S. C. 364, 60 S. E. 700; *Pickett v. Fidelity & Casualty Co.*, 60 S. C. 477, 38 S. E. 160, 169. This Court has also held that a supplemental

pleading, under the foregoing section of the Code, is in the nature of an amendment, and a motion to be allowed to make such supplemental pleading will not be granted unless the Court, in the exercise of its discretion, is satisfied that it would be in the interest of justice. *Porter v. Dixie Fire Ins. Co.,* 107 S. C. 393, 93 S. E. 141; *Copeland v. Copeland,* 60 S. C. 135, 38 S. E. 269. This Court has likewise held that a motion for leave to file a supplemental pleading must, at least, make a *prima facie* showing of facts material to the case or defense which have occurred after the former pleading, or of which the party was ignorant when the former pleading was made. *Matthews v. Cantey,* 48 S. C. 588, 26 S. E. 894; *McCaslan v. Latimer,* 17 S. C. 123.

We have carefully examined the proposed supplemental answer of the appellant, in the light of the statute above quoted and the deliverances of the Court in the cases above cited, and conclude that there was no error on the part of the trial Judge in refusing to permit the filing of the supplemental answer.

The proposed supplemental answer realleged many of the allegations of the original answer. In addition thereto, the husband alleged he had been completely sober since the former answer and had not in anywise indulged in the use of alcoholic beverages. It was conceded by the wife that the Court might take this allegation into account. The husband also asserted that he wished a reconciliation with his wife. This fact was also conceded and the Court below considered that the wife would not reconcile with her husband. All of this was asserted in the original pleadings. Appellant also asserted the gift of the residence of the parties to his wife and that he had made a gift of other personal property, consisting of stocks and bonds, from which the wife obtained an income of approximately $200.00 a month. All of this had been testified to or stipulated in the original proceeding. He made certain other allegations, not necessary here to recite, of his efforts for a reconciliation, and that his wife had deserted him. He also asserted by way of this answer

a proposed basis for reconciliation with his wife. We find that the facts alleged in the proposed supplemental answer had previoulsy been encompassed within the original pleadings, except as is hereinabove stated. The lower Court found that no new material facts have developed since the filing of the husband's original answer, with the possible exception of his continued sobriety and his desire for a reconciliation with his wife.

We conclude that the refusal of the lower Court to permit the filing of the supplemental answer did not deprive the appellant of any substantial rights, nor were there any material facts alleged therein which had occurred after the filing of the original answer.

The appellant also complains that the trial Judge erred in considering and, in part, basing his decree on the allegations contained in the return filed by the respondent. We have heretofore held that there was no error in refusing to permit the filing of the supplemental answer of the appellant. Since the return of the respondent was made to such supplemental answer it, of necessity, is eliminated from consideration on this appeal. An examination of the Order of Judge Baker shows that he only considered so much of the return where the respondent asserted that under no circumstances she would ever return to the appellant. This was cumulative of the testimony which she had previously given at the references. We cannot see where the appellant has been injured by this statement of the trial Judge even though her return should not have been considered.

The appellant also complains that the Court should not have considered any affidavits submitted on behalf of the respondent at the hearing, that the consideration of such denied to him the right of cross examination of the respondent and her witnesses as to the matters contained in the affidavits.

In the recent case of *Dempsey v. Huskey*, 224 S. C. 536, 80 S. E. (2d) 119, 122, this Court adopted as its opinion the order issued on Circuit. This order shows that the plain-

tiff and the defendants attempted to submit additional evidence to the Court subsequent to the report of the referee. It was there said:

"Since hearing this case both the plaintiff and the defendants Huskey have submitted additional evidence to the Court. This evidence has not been considered because of the fact that no opportunity for cross examination has been provided, nor do I think the evidence necessary to do substantial justice in the case. I have considered the advisability of sending the case back to the referee as urged by counsel for the defendant, but have concluded that substantial justice under all of the circumstances can be brought about on the basis of the showing already made, and inasmuch as this case has been pending for such a long time already I think it advisable to bring it to an end."

In the recent case of *Goolsby v. Goolsby,* 229 S. C. 101, 92 S. E. (2d) 57, 62, a proceeding was instituted by a wife for an order vacating a judgment of divorce upon the ground of her mental incompetence at the time the action was commenced and judgment rendered. It was held that affidavits of two physicians as to the wife's mental condition during certain periods in question were not admissible because the admission of such affidavits would deprive the husband of the right to cross examination of the affiants. Disposing of the issue, this Court said:

"Cross examination follows examination in chief by the party who calls the witness. It behooved appellant to produce the affiants as witnesses if she wanted the benefit of their testimony, and let them be subject to cross examination. The latter is a most valuable right. 'It is the law of evidence that when a witness has been examined in chief, the other party has a right to cross examine him. * * * The power of cross examination has been justly said to be one of the principal, as it certainly is one of the most efficacious, tests which the law has devised for the discovery of truth.' *State v. McNinch,* 12 S. C. 89."

We have carefully examined the order of Judge Baker and nowhere in it does it appear that he based any finding upon the affidavits filed by the respondent and which were objected to by the appellant, as to the question of separate maintenance or the amount thereof. He did, however, consider the affidavits submitted by the respondent as to what should be allowed her as attorney's fees. With reference to the attorneys' fees it was stipulated that the respondent would not be entitled to recover such in the absence of having obtained affirmative relief. Since the appellant objected to the receiving of affidavits as to the value of services rendered by the attorneys for the respondent, the respondent should have produced the affiants as witnesses if she wanted the benefit of their testimony, thereby subjecting them to cross examination. This could have been done by the trial Judge hearing the witnesses upon this particular issue or by the granting of an Order of Reference. However, in view of the conclusions that we hereinafter reach, this error becomes harmless.

We come now to the consideration of whether the respondent was entitled to any relief under the law and the facts of this case.

The plaintiff alleges in paragraph 6 of her complaint that the defendant "In recognition of the fact that the plaintiff has not sufficient means to support herself and to maintain a home for their children, has made various payments to the plaintiff for her maintenance and support, and for the maintenance and support of their children, but such sums have varied and have recently been sharply reduced to the extent that the plaintiff no longer has a proper sum for such purposes, * * *." To this allegation of the complaint, the answer says "The defendant has made various and sundry substantial payments to the plaintiff for her support and maintenance, with no variation, except as were fully and reasonably explained to the plaintiff, in addition thereto, this defendant has expended substantial sums of money for the support of his children. The defendant specifially denies the

remaining allegations of paragraph 6 of the complaint." It is seen from that portion of the complaint that is quoted above that the wife alleges that the husband has made various payments to her for the maintenance and support of herself and the children but that the amount so given was not sufficient for such purposes. The defendant denies this.

In the case of *State v. Bagwell,* 125 S. C. 401, 118 S. E. 767, 768, this Court said:

"Marriage imposes upon the husband the duty at common law of providing the wife with a reasonably adequate and suitable home and support."

In the case of *State v. Free,* 158 S. C. 515, 155 S. E. 838, 839, this Court said:

"The obligation of a husband to his wife is paramount, and it is his duty to provide her a home in accordance with his means, where she may live, as the object of his care and comfort, without interference from members of the household; and 'if such a home is not provided, the wife is justified in leaving, and not only is not guilty of desertion in so doing but may charge the husband with constructive desertion.' *State v. Bagwell,* 125 S. C. 401, 118 S. E. 767, 768."

In the case of Anonymous, 18 S. C. Eq. 198, 2 Desaus. 198, it was said:

"The very idea of alimony or a separate maintenance, admits that the husband is alive and refuses to perform the contract which the law imposes upon him of maintaining and supporting his wife."

The wife alleges that her husband has made various payments for the support of herself and children but that he no longer furnishes a proper sum for their support and maintenance. This is an allegation of his refusal to adequately support his wife and children in accordance with his means and their needs. The burden was upon the wife to prove this allegation of her complaint. It has been repeatedly held that the burden is always on the plaintiff to prove, by a preponderance of the evidence, the ma-

terial allegations of her complaint. *Baugh & Sons Co. v. Graham,* 150 S. C. 398, 148 S. E. 220; *Oates v. Fountain,* 113 S. C. 372, 101 S. E. 830; *Baker v. Mutual Loan & Investment Co.,* 218 S. C. 47, 61 S. E. (2d) 387; *Jackson v. Frier,* 146 S. C. 322, 144 S. E. 66; *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163; *Machado v. Machado, supra; Dagnall v. Dagnall,* 100 S. C. 298, 84 S. E. 870 and *Gordon v. Gordon,* 91 S. C. 245, 74 S. E. 360.

It should be stated that Judge Baker, in arriving at his conclusions, said "I have carefully reviewed the testimony and record in this case, and I am satisfied that the factual findings of the Master's report are correct." It thus appears that the trial Judge attached no importance to the subsequent pleadings and affidavits filed by the parties in this case, other than the affidavits dealing with attorneys' fees. We review the evidence on behalf of the respondent to determine whether or not she has by a preponderance of the evidence discharged the burden of proof as to the material allegations of her complaint.

At the time of the references it appears that the oldest daughter of the parties to this action was at home and gainfully employed. The oldest son was a student at Yale and the other son a student at St. James Preparatory School. Mrs. Simonds testified that "Mr. Simonds has been educating the boys and Frances, too, and giving her an allowance. She now works. My prime consideration is the education of the boys and I am sure it is his also." Apparently the appellant is discharging his obligation of educating his children. If this were not true, it seems to us that some finding would have been made in the Master's report or some complaint thereabout made by the respondent. An examination of the Master's report and of the decree in this case shows that there was no finding that the appellant had failed in his duty to his children. As a matter of fact, in the case of *Simonds v. Simonds,* 225 S. C. 211, 81 S. E. (2d) 344, 347, this Court said:

"He is paying the school and college expenses of his sons which amount to about $5,000.00 annually; to his adult, employed, and not dependent, daughter he is paying $50.00 per month."

It thus appears to us that the appellant has made ample provision for his children.

We come now to the question of whether or not the appellant has furnished adequate and reasonable support for his wife. The record shows that the wife received from the husband, during the year 1953, for her sole separate support and maintenance, tax free contributions in the total amount of $6,500.00. It further appears that the husband gave to his wife the home in which she now lives, which is well furnished and equipped, of a value of $35,000.00 to $40,000.00, and that he gave her a Buick automobile. In addition thereto, the record shows that at various times the husband had made gifts of certain securities to his wife. The record shows that the wife had an individual income of approximately $200.00 per month. Appellant is now voluntarily paying the sum of $400.00 per month for her support and maintenance. It also appears from the record that the appellant and respondent make joint Federal Income Tax Returns and the appellant pays the income taxes on the joint income of the parties, this leaving the wife's individual income tax free to her. In addition to the $400.00 per month, the testimony shows that when the sons of the parties to this action were at home from school he sent an additional $500.00 for her use.

It was stipulated that as of May 5, 1954, the wife owned stocks and bonds of a value of $50,000.00. In addition she had approximately $700.00 in cash. The husband owned stocks and bonds of a valuation of $632,000.00 and in addition he had $19,000.00 in cash, and other bonds of the value of $20,000.00 ear-marked for his children prior to the commencement of this litigation, but which had not been physically delivered.

We quote from the testimony of the respondent as to what her demands were from the appellant:

"Q. What do you feel to be a reasonable demand on your part from him? A. No answer.

"Q. How much of what he is worth? A. I have always understood the wife was entitled to one-third of the husband's estate.

"Q. You feel that you are entitled to that as a minimum? A. Yes."

And again from her testimony:

"Q. What is it you want at the hands of the court? A. Money invested that would take care of me and maintain my home and myself.

"Q. Invested for you? A. Yes.

"Q. For your entire life? A. Yes."

And again from her testimony:

"Q. Do you expect your husband on an income basis to give you more than one-half of what was left of the family income for your sole and separate support after the payment of the taxes? A. I have already said I thought after the income taxes were paid and $6,000.00 set aside for the boys' education which is more than ample; then I think on an income basis Mr. Simonds half and me half. I have to maintain a home."

We conclude from the foregoing testimony that the wife has failed to prove that her husband has refused to support her reasonably and adequately. There is not one word of competent testimony in the record to show that the amount voluntarily given by the husband was not a proper sum for her support and maintenance. The sum and substance of the testimony on behalf of the respondent is that she insists that she is entitled to one-third of her husband's estate. Another time she says that she wants the Court to have money invested, from her husband, that would take care of her and maintain the home for her entire life. And again she testifies that after the payment of income taxes

and the setting aside of $6,000.00 for the education of the sons of the parties, that she should have one-half of the income of her husband.

It appears that in 1953 the total income of the husband and wife amounted to approximately $31,000.00; that the husband paid State and Federal income taxes of approximately $10,000.00, leaving net after the payment of taxes $21,000.00, and after deducting therefrom the wife's income of $2,400.00, which she retained, there was left a net of $18,600.00 to the husband. From this sum he paid during 1953 the sum of $6,500.00 for the support of his wife, and accepting the statement as to the amount he paid for the education of his boys and the support of his daughter as the sum of $5,600.00, it appears that the wife and the children have received more than half of the net income of the husband and father.

It should be borne in mind that an action for the recovery of an allowance for separate maintenance and support is an equitable one. *Smith v. Smith,* 50 S. C. 54, 27 S. E. 545; *Hornsby v. Hornsby,* 187 S. C. 463, 198 S. E. 29; *Matheson v. McCormac,* 186 S. C. 93, 195 S. E. 122. This Court has the authority in appeals in equity to find the facts in accord with our view of the preponderance or greater weight of the evidence, and we may reverse a finding of fact by the Circuit Court when the appellant satisfies this Court that the preponderance of the evidence is against the finding of the Circuit Court. *Finley v. Cartwright,* 55 S. C. 198, 33 S. E. 359; *Forester v. Forester,* 226 S. C. 311, 85 S. E. (2d) 187.

As is hereinbefore stated, we reach the conclusion that the wife has failed to prove that her husband has refused to furnish her reasonable and adequate support and maintenance.

It is said in 27 Am. Jur., Husband and Wife, page 18, par. 411:

"It is a defense to an action by a wife for alimony, support, maintenance, or separate maintenance that the husband al-

ready is making her a suitable and regular allowance, provided that allowance is a sufficient one."

See in this connection the annotation in 6 A. L. R. 62.

In 10 A. L. R. (2d) at page 518, it is said:

"The fact that the husband is making his wife a suitable and regular allowance is a defense to her suit for separate maintenance."

In support of this text there is cited the cases of *Lathrop v. Lathrop*, 78 Conn. 650, 63 A. 514; *Bingham v. Bingham*, 325 Mo. 596, 29 S. W. (2d) 99; *Symington v. Symington*, N. J. Ch., 36 A. 21; *Dudley v. Dudley*, 86 N. J. Eq. 245, 98 A. 452.

The fourth and fifth questions are discussed together. Having reached the conclusion that the respondent is not entitled to recover separate maintenance it, of course, was error to make an award in her favor.

We have heretofore stated that it was stipulated that the respondent would not be entitled to recover attorneys' fees in the absence of obtaining affirmative relief. Since the affirmative relief prayed for has been denied, the respondent is not entitled to recover attorneys' fees.

We conclude that the judgment of the lower Court should be reversed and this cause remanded for the purpose of the entry of judgment in favor of the appellant. This conclusion, however, cannot be construed as preventing the wife to hereinafter institute an appropriate action for separate maintenance, in the event the appellant refuses to furnish her a suitable and regular allowance.

Reversed.

STUKES, C. J., and TAYLOR, J., concur.

OXNER, J., dissents.

LEGGE, J., did not participate.

OXNER, Justice (dissenting).

Both the Master and Judge Baker found that the conduct of appellant fully justified respondent in leaving him. A careful consideration of the record convinces me of the soundness of this concurrent factual finding. This would entitle respondent to separate maintenance. Her action is dismissed, however, by this Court upon the ground that she has failed to show the support now given her by appellant is inadequate.

Some time in 1953 appellant voluntarily started paying respondent $600.00 a month which, at the suggestion of his uncle, was increased to $700.00. Several months later appellant sought to induce his wife to accept $200.00 a month. She refused to do this. He then gave her an allowance of $400.00 a month, which has been continued, and he has also paid the income taxes of both parties. When this action was commenced respondent was allowed alimony *pendente lite* at the rate of $600.00 per month. On appeal to this Court appellant contended that this amount was excessive. We held on the first appeal, 225 S. C. 211, 81 S. E. (2d) 344, that respondent was entitled to alimony *pendente lite* but reversed the amount fixed because of the failure of the Circuit Judge to take into consideration the tax status of the parties. Apparently nothing further was done toward determining the proper amount of temporary alimony.

The issue as to whether the amount now paid respondent by appellant is adequate has since received scant attention. The testimony thereabout is meager. This specific question is neither discussed in the report of the Master nor in the order of Judge Baker. In respondent's return to appellant's proposed supplemental answer and the accompanying affidavit, she asserts that she has been unable to maintain the home and support herself on her income and the present allowance of $400.00 per month and that it has been necessary for her to invade her capital funds. However, no testimony was taken in support of this allegation.

208

In view of all the circumstances, I think the case should be remanded to the Circuit Court to take further testimony and determine the adequacy of the support now being given respondent.